# IN THE SUPREME COURT OF MISSISSIPPI

NO. 2006-IA-00364-SCT
CONSOLIDATED WITH
NO. 2006-IA-00420-SCT

*FOREST HILL NURSING CENTER AND LONG
TERM CARE MANAGEMENT, LLC*

*v.*

*FREDERICA BRISTER, CONSERVATOR OF
WILLIE McKEE, AS PERSONAL
REPRESENTATIVE OF PEARL HENRY,
DECEASED, AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES OF PEARL
HENRY, DECEASED*

## ON MOTION FOR REHEARING

DATE OF JUDGMENT:             02/13/2006
TRIAL JUDGE:                  HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:    HINDS COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:     MARJORIE SELBY BUSCHING
                              STEVEN MARK WANN
                              HEATHER M. ABY
ATTORNEYS FOR APPELLEE:       GIGI GIBSON
                              CHARLES E. GIBSON, III
NATURE OF THE CASE:           CIVIL - WRONGFUL DEATH
DISPOSITION:                  REVERSED AND RENDERED - 10/23/2008
MOTION FOR REHEARING FILED:   12/05/2007
MANDATE ISSUED:

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.    The motion for rehearing is granted.    The previous order dismissing these

interlocutory appeals is vacated and these opinions are substituted therefor.

¶2. In these medical-negligence/wrongful-death cases, the Hinds County Circuit Court denied Dr. Timothy Estes's motion to dismiss which asserted that the plaintiff failed to comply with Mississippi Code Annotated Sections 15-1-36(15) (Rev. 2003) and 11-1-58(1) (Supp. 2007). Dr. Estes filed with this Court two separate petitions for interlocutory appeal based on two separate actions pending in the trial court. One of these petitions for interlocutory appeal was joined by Forest Hill Nursing Center and Long Term Care Management, LLC. This Court entered an en banc order granting the petitions for interlocutory appeal and consolidating these two causes for appeal purposes. In due course, the plaintiff, asserting that the parties to the original interlocutory appeals had been dismissed, filed a motion to dismiss the interlocutory appeals as to Forest Hill and Long Term Care. Notwithstanding this Court's previous en banc order granting the petitions for interlocutory appeal which had been joined by Forest Hill and Long Term Care, this Court subsequently entered an en banc order on November 29, 2007, dismissing the interlocutory appeals as to Forest Hill and Long Term Care on the basis of an alternative argument concerning an alleged untimely joinder on the part of Forest Hill and Long Term Care. From this order dismissing their appeals, Forest Hill and Long Term Care filed a motion for rehearing, which we today grant.

¶3. We now vacate this Court's en banc order dismissing these consolidated appeals as to Forest Hill and Long Term Care. Considering the merits of the issues raised on appeal, we reverse the Hinds County Circuit Court's orders denying the motion to dismiss the

plaintiff's complaint for failure to comply with Mississippi Code Annotated Sections 15-1-36(15) and 11-1-58(1), and render judgment here in favor of Forest Hill and Long Term Care.

**FACTS AND PROCEEDINGS IN THE TRIAL COURT**

¶4.     The procedural history of today's case spans the course of several years. While we will set out only so much of the facts and procedural history of this case as is necessary for a full understanding of the issues before the Court, admittedly, our recitation here is still fairly lengthy, based on the procedural posture of this case. Pearl Henry passed away on July 31, 2001. On June 11, 2002, Willie McKee filed a complaint in the Circuit Court for the First Judicial District of Hinds County, as personal beneficiary of Pearl Henry, deceased, for her wrongful death. The complaint named as defendants Forest Hill Nursing Center, Inc., f/k/a Crawford Nursing Home, Rhonda Bounds, Verna Ball Cook, and John Does 1-10.

¶5.     On July 25, 2003, McKee filed another complaint[1] against Forest Hill.[2] Forest Hill filed a motion to dismiss on August 22, 2003, asserting that McKee had failed to comply with Mississippi Code Annotated Section 15-1-36(15) in that no notice was given before filing suit, and that McKee likewise had failed to comply with Mississippi Code Annotated Section 11-1-58(1) in that no expert consultation certificate was attached to the complaint

---

[1]The June 11, 2002, complaint and summons were never served.

[2]This lawsuit was filed against Forest Hill Nursing Center, Scott Lindsey as Administrator, and John Does 1-26. For the sake of clarity, we will refer to the defendants collectively as "Forest Hill."

at the time of its filing. On September 15, 2003, McKee filed a Response to the Defendants' Motion to Dismiss, arguing that because Henry died on July 31, 2001, before the enactment of these statutes, notice was not required. The plaintiff, through counsel, admitted not giving notice. Additionally, because McKee "obtained counsel shortly before the expiration of the statute of limitations, counsel for the Plaintiff filed suit in haste . . . before the Plaintiff's right to sue expired." Thus, counsel for McKee admitted that no expert consultation certificate was attached to the complaint and argued that the plaintiff had sixty days from the date of filing suit to supplement the certificate of consultation.

¶6.    On September 15, 2003, counsel for McKee filed a Certificate of Consultation, asserting that counsel "was unable to obtain the consultation required . . . because a limitation of time established by Section 15-1-36 would bar the action and that the consultation could not reasonably be obtained before such time expired." Forest Hill filed a Rebuttal in Support of the Motion to Dismiss on September 23, 2003. Counsel for McKee thereafter filed another Certificate of Consultation on October 3, 2003, again asserting that he was unable to obtain the expert consultation before the statute of limitations expired, but likewise asserting that the plaintiff had been unable to timely obtain expert consultation "due to the refusal of the Defendant to produce the records as alleged in Plaintiff's original complaint." Additionally, in this Certificate, McKee's counsel stated that he would file a certificate of consultation within sixty days of receiving the medical records.

4

¶7. Also on October 3, 2003, McKee filed a Motion to Amend First Complaint, asking the trial court to allow the amendment because the defense had raised the issue of non-compliance with the Mississippi Medical Malpractice Tort Claims Act but had refused to allow the plaintiff access to the medical records. On October 6, 2003, the Hinds County Circuit Court, Judge Winston L. Kidd presiding, entered an order allowing McKee to file a First Amended Complaint, and McKee thereafter filed this First Amended Complaint on October 13, 2003. Attached to the amended complaint was a copy of the original complaint filed on July 25, 2003, and it is obvious from the pleadings that McKee was asserting that the original complaint filed on July 25, 2003, satisfied the notice requirements of Mississippi Code Annotated Section 15-1-36. Interestingly, likewise attached to the July 25, 2003, complaint was a letter from the plaintiff's counsel to a different medical provider and naming different parties, asserting a claim pursuant to the Mississippi Tort Claims Act.

¶8. On November 10, 2003, Forest Hill filed a Motion to Dismiss McKee's First Amended Complaint, arguing that counsel for McKee "attempted to cure its failure to file a Certificate of Consultation by attaching one to its Response to the Defendants' Motion to Dismiss, instead of having attached the Certificate to the original Complaint, as required by statute." On November 20, 2003, counsel for McKee sent a letter to Forest Hill requesting Pearl Henry's medical records. Counsel for Forest Hill sent McKee's counsel a reply dated November 25, 2003, stating that the records had been sent to another law firm representing

5

McKee on July 24, 2002, but that another copy would be made available. On December 1, 2003, McKee filed a Response to Forest Hill's Motion to Dismiss First Amended Complaint.

¶9. On April 5, 2005, Judge Kidd entered an order denying Forest Hill's Motion to Dismiss McKee's First Amended Complaint, stating that the notice requirement of Mississippi Code Annotated Section 15-1-36(15) and the certificate-of-consultation requirement of Mississippi Code Annotated Section 11-1-58 did not apply because these statutes were enacted during the 2002 special legislative sessions, subsequent to Henry's death on July 31, 2001.

¶10. From Judge Kidd's order denying Forest Hill's Motion to Dismiss McKee's First Amended Complaint, Forest Hill, on April 8, 2005, filed a Motion for Interlocutory Appeal in the Hinds County Circuit Court.[3] On April 15, 2005, McKee filed a Response to Defendants' Motion for Interlocutory Appeal in the Hinds County Circuit Court. On June 5, 2005, McKee filed a Notice of Substitution for the John Does listed and Amendment to Complaint and all Pleadings. Judge Kidd, on June 7, 2005, entered an order allowing McKee to substitute known parties for the named John Does.[4] On June 15, 2005, a single-justice order was entered by this Court denying Forest Hill's Motion for Interlocutory

---

[3]Obviously, pursuant to Mississippi Rule of Appellate Procedure 5(a), this motion for interlocutory appeal should have been filed with the Clerk of this Court.

[4]The following parties were substituted: (1) Robert Crawford, Hugh Franklin, and A.D. Buffington as owners of Forest Hill Nursing Home; (2) Timothy Estes, M.D., as the medical director; (3) Judson Williams as the nurse practitioner; (4) Rhonda Bounds and Verna Cook as the administrators; and (5) Long Term Care Management, LLC, as the personnel contractor.

Appeal on the basis that it was not timely filed pursuant to Mississippi Rule of Appellate Procedure 5(a).

¶11. On July 6, 2005, Dr. Estes filed a Motion to Dismiss McKee's complaint on the grounds that McKee had failed to comply with the notice requirement of Mississippi Code Annotated Section 15-1-36(15) (Miss. 2003) and had failed to attach the certificate of expert consultation to the complaint as required by Mississippi Code Annotated Section 11-1-58 (Supp. 2007).

¶12. On July 8, 2005, Forest Hill, Long Term Care, Franklin, and Buffington also filed a motion to dismiss on the same grounds stated by Dr. Estes. Additionally, these defendants stated that they had offered Henry's medical records to McKee, despite the fact that the records had been given to McKee's counsel for the 2002 filing of the lawsuit, but that they had never received an answer from counsel for McKee. Also on July 8, 2005, Rhonda Bounds filed a motion to dismiss, in which she argued that she was improperly substituted as a John Doe when counsel for McKee knew of her identity at the time the original lawsuit was filed in 2002. She also stated the same grounds for dismissal as pleaded by Dr. Estes.

¶13. On July 14, 2005, McKee filed a Response to Dr. Estes's Motion to Dismiss, admitting that Dr. Estes was not given notice, but arguing that Mississippi Code Annotated Section 15-1-36(15) specifically excluded John Does from the notice requirement. Additionally, McKee argued that Mississippi Code Annotated Section 11-1-58(2) required only one certificate of consultation, even when other defendants are subsequently named.

McKee argued that since he had provided two certificates of consultation before substituting Dr. Estes, he had met the statutory requirement.

¶14. On July 15, 2005, Judson Williams filed an Answer to McKee's First Amended Complaint. On July 18, 2005, McKee filed a Supplemental Response to Dr. Estes's Motion to Dismiss and a Response to the Motion to Dismiss of Forest Hill, Franklin, Buffington, Long Term Care, arguing that because McKee had learned the identities of these parties "through discovery and other sources," notice and a certificate of consultation were not required pursuant to the statutes. On July 20, 2005, McKee filed a Response to Bounds's motion to dismiss.

¶15. On July 27, 2005, Robert Crawford filed a Joinder to Dr. Estes's Motion to Dismiss and Separate Motion to Dismiss based upon improper substitution of parties and argued that McKee was not reasonably diligent in ascertaining the identities of the parties when he had the medical records in 2002. Dr. Estes, on August 4, 2005, filed a Joinder to Crawford's Motion to Dismiss. On August 5, 2005, Williams filed a Joinder to Dr. Estes's Motion to Dismiss and Crawford's Separate Motion to Dismiss. On August 10, 2005, McKee filed a Response to Crawford's Motion to Dismiss. On August 16, 2005, McKee filed a Response to Williams's Joinder, to Dr. Estes's Motion to Dismiss, and to Crawford's Separate Motion to Dismiss.

¶16. On October 12, 2005, McKee filed yet another Certificate of Consultation, this time stating that counsel had reviewed the facts of the case and had consulted with an expert and

concluded that there was a reasonable basis for the commencement of the action. On November 14, 2005, McKee filed a Motion for an Award of Attorney's Fees and Expenses Pursuant to the Litigation Accountability Act of 1988 and Pursuant to Mississippi Rule of Civil Procedure 11. On December 6, 2005, Judge Kidd entered an Order on Motion for Attorney's Fees and Expenses, stating that this motion would be taken under advisement.[5]

¶17. On January 24, 2006, Dr. Estes filed a Supplement to his Joinder to Crawford's Motion to Dismiss, asserting that McKee was not reasonably diligent in ascertaining his identity, and thus, substitution was improper. On January 31, 2006, Dr. Estes filed a Second Supplement to his Joinder of Motion to Dismiss, providing exhibits for his argument in his First Supplemental Motion to Dismiss.

¶18. On February 6, 2006, Rhonda Bounds filed a Supplemental Motion to Dismiss, followed by Williams's Supplemental Motion to Dismiss filed February 9, 2006.[6] On February 10, 2006, Frederica Brister (heretofore McKee) filed: (1) a Response to First Supplement to Dr. Estes's Joinder to Crawford's Motion to Dismiss; (2) a Response to Second Supplement to Dr. Estes's Joinder to Crawford's Motion to Dismiss; and (3) a

---

[5]A similar motion is pending with this Court, and this motion is discussed, *infra*.

[6]Rhonda Bounds's pleading of February 6, 2006, is the last pleading or order in the record which lists the plaintiff as "Willie McKee, as Personal Representative of Pearl Henry, Deceased and on Behalf of the Wrongful Death Beneficiaries of Pearl Henry, Deceased." Commencing with Williams's pleading filed on February 9, 2006, all subsequent pleadings and orders filed list the plaintiff as "Frederica Brister, as Conservator for Willie McKee as Personal Representative of Pearl Henry, Deceased and on Behalf of the Wrongful Death Beneficiaries of Pearl Henry, Deceased." We will thus hereinafter refer to the plaintiff as "Brister" instead of "McKee."

9

Response to First Supplement to Bounds's Motion to Dismiss, arguing that Dr. Estes's identity could not be ascertained until discovery.

¶19. On March 6, 2006, Judge Kidd entered: (1) an order denying Rhonda Bounds's Motion to Dismiss; (2) an order denying Williams's Motion to Dismiss; and (3) an order denying Dr. Estes's Motion to Dismiss for failure to comply with Mississippi Code Annotated Section 15-1-36(15). Also on March 6, 2006, Dr. Estes filed his first interlocutory appeal with this Court concerning alleged improper substitution. On March 8, 2006, Judge Kidd entered another order denying Dr. Estes's Motion to Dismiss for failure to substitute as a fictitious party.

¶20. On March 9, 2006, Forest Hill, Buffington, Franklin, Long Term Care and Bounds attempted to join Dr. Estes's first interlocutory appeal in the trial court rather than with this Court. On March 14, 2006, Dr. Estes filed a second interlocutory appeal with this Court, this time appealing Judge Kidd's order denying the Motion to Dismiss based on a failure to comply with Mississippi Code Annotated Section 15-1-36(15). On March 15, 2006, Forest Hill, Buffington, Franklin, Long Term Care, and Bounds joined Dr. Estes's second interlocutory appeal. On March 16, 2006, this Court entered an order granting and consolidating both of Dr. Estes's interlocutory appeals, stating that: (1) Dr. Estes's first interlocutory appeal was joined by Crawford, Bounds and Williams; (2) Dr. Estes's second interlocutory appeal was joined by Williams, Forest Hill, Buffington, Franklin, Long Term Care and Bounds; and (3) the trial court proceedings were stayed pending resolution of the

appeal. On March 20, 2006, Crawford filed a Notice of Withdrawal of All Pending Motions and Designations of Expert Witnesses because he had settled with Brister.

¶21. On March 23, 2006, Dr. Estes filed a Statement of Issues, asserting:

(1) Whether the Hinds County Circuit Court erred in denying Dr. Estes's motion to dismiss, as a matter of law, because the statute of limitations had expired when Dr. Estes was made a defendant in this lawsuit and the plaintiff failed to exercise due diligence in determining Dr. Estes's identity as a potential defendant in this case.

(2) Whether the Hinds County Circuit Court erred in denying Dr. Estes's motion to dismiss, as a matter of law, because the plaintiff failed to provide sixty (60) days notice of the lawsuit against Dr. Estes as required by Mississippi Code Annotated Section 15-1-36(15).

Also on March 23, 2006, Dr. Estes designated the record for appeal. Four days later, Forest Hill and Long Term Care joined Dr. Estes's first interlocutory appeal in this Court in an effort to cure their error in first filing their joinder in the trial court.

¶22. On March 29, 2006, Williams joined Dr. Estes's designation of the record and filed a separate designation of the record. Also on March 29, 2006, Williams filed a Joinder to Dr. Estes's Statement of the Issues and Separate Statement of Issues, which included a footnote stating that "[t]he trial court also heard oral argument of Defendants' claims of Plaintiff's non-compliance with Miss. Code Ann. § 11-1-58(1) as pled in the same Motion to Dismiss and Joinder before this Court, and to date, no Order has been entered by the trial court concerning said statute, that Appellant/Defendant is aware of." On March 31, 2006, Forest Hill and Long Term Care joined and supplemented Dr. Estes's designation of the record in the Hinds County Circuit Court.

11

¶23. On November 29, 2007, this Court entered an en banc order granting Brister's Supplemental Motion to Dismiss the interlocutory appeal of Forest Hill and Long Term Care for failure to timely join,[7] stating:

> This matter came on before this Court sitting en banc on the Appellee's Supplemental Motion to Dismiss the Appeal of [Forest] Hill Nursing Center and Long Term Care Management, LLC. The Appellee argues that the appeal of Forest Hill and Long Term Care must be dismissed because the parties who filed the original interlocutory appeal have been dismissed, there is no longer any appeal for [] Forest Hill and Long Term Care to join. In the alternative, the Appellee argues that dismissal is required by virtue of the fact that Forest Hill and Long Term Care failed to timely join the interlocutory appeal filed by the other defendants in the case. Forest Hill and Long Term Care do not attempt to rebut these arguments; instead, they simply assert that the appeal includes "issues of general importance."
>
> The Hinds County Circuit Court denied the Defendants' Motion to Dismiss on February 13, 2006. On March 6, 2006, Dr. Timothy Estes filed two separate petitions for permission to appeal the circuit court's interlocutory order. The other individual defendants filed motions for joinder in Estes's petition with this Court on March 8 and 9. Forest Hill filed a motion for joinder on March 9 with the Hinds County Circuit Court rather than this Court. It filed a motion for joinder with this Court on March 27, 2006.
>
> This Court granted the interlocutory appeal on March 16, consolidated Estes's two separate petitions and implicitly acknowledged Forest Hill and Long Term Care's joinder in the appeal. After the consolidation, all of the defendants besides Forest Hill and Long Term Care voluntarily dismissed their appeals.
>
> Mississippi Rule of Appellate Procedure 5 governs interlocutory appeals. M.R.A.P. 5. A party must file an interlocutory appeal within twenty-one days of a trial court's interlocutory order: "Appeal from such an order may be sought by filing a petition for permission to appeal with the clerk of the

---

[7]Appellants Dr. Timothy Estes, Judson Williams, Hugh Franklin, A.D. Buffington, and Rhonda Bounds were dismissed as parties to this appeal pursuant to separate joint motions to dismiss and stipulations of dismissal filed on March 5, 2007, March 7, 2007, and March 14, 2007, respectively.

12

Supreme Court *within 21 days* after the entry of such order in the trial court[.]" M.R.A.P. 5(a). Rule 5 does not specify a time by which parties must join an interlocutory appeal filed by another party. However, this Court has previously dismissed the appeals of defendants on the ground that their motion for joinder in a petition for interlocutory appeal was not filed within twenty-one days of the entry of the interlocutory order at issue. *See Century 21 Maselle and Assocs., Inc. v. Smith*, 2007 Miss. LEXIS 448 **6-7, fn. 5.[8]

Forest Hill and Long Term Care filed their motion for joinder with this Court more than forty days after the circuit court denied the Defendants' Motion to Dismiss. Because Forest Hill and Long Term Care's motion was not timely filed, this Court must dismiss their appeals.

¶24. The entry of this en banc order of November 29, 2007, was in response to Brister's filing of her Appellee's Supplemental Motion to Dismiss the Appeal of Forest Hill Nursing Center and Long Term Care Management, LLC, on September 25, 2007. However, nowhere in this supplemental motion does Brister ask this Court to dismiss this appeal based on the failure of Forest Hill and Long Term Care to timely join Dr. Estes's petitions for interlocutory appeal. The gist of Brister's supplemental motion to dismiss is that since all other parties to the appeal, with the exception of Forest Hill and Long Term Care, had been dismissed via joint motions to dismiss and stipulations of dismissal,[9] there "are no longer viable pending appeals" for Forest Hill and Long Term Care to "join" since all issues raised by the original parties to this appeal were now moot. In her initial motion to dismiss Forest Hill and Long Term Care, filed with this Court on March 13, 2007, in addition to the

---

[8]The Southern Reporter citation is *Century 21 Maselle and Assocs. v. Smith*, 965 So. 2d 1031, 1034-35 n.5 (Miss. 2007).

[9]Appellant Robert Crawford withdrew his appeal by way of a notice of withdrawal filed with this Court.

allegations that there were no remaining viable appeals due to the dismissal of all other parties, Brister also asserted that "[t]imely notice of appeal has been held to be jurisdictional," citing *Michael v. Michael*, 650 So. 2d 469 (Miss. 1995); however, Brister does not assert that the appeals as to Forest Hill and Long Term Care should be dismissed due to untimeliness.

¶25.　Additionally, even in addressing the issue of the timeliness of the joinder in the petitions for interlocutory appeal by Forest Hill and Long Term Care, their joinder was timely filed when calculating the time pursuant to Mississippi Rule of Appellate Procedure 5 from the date of *entry* of the trial court orders denying the motions to dismiss, as opposed to using the earlier date of the trial court *hearing* on the motions to dismiss.

¶26.　When this Court entered its en banc order on March 16, 2006, granting the petitions for interlocutory appeal as to the petitioners and all individuals and entities who had joined the petitions for interlocutory appeal, these consolidated appeals were viable as to all parties, including Forest Hill and Long Term Care. We therefore proceed to consider the merits of the issues presented on appeal.[10]

---

[10]After this Court's entry of the aforementioned November 29, 2007, en banc order granting Brister's Supplemental Motion to Dismiss the interlocutory appeal of Forest Hill and Long Term Care for failure to timely join, Brister filed her Appellee's Rule 38 Motion for Damages for Frivolous Appeal and Response to Forest Hill Nursing Center and Long Term Care Management, LLC's Motion for Rehearing. Based on today's disposition of this case, this motion is dismissed as moot.

**DISCUSSION**

¶27. "This Court reviews de novo a trial court's grant or denial of a motion to dismiss." *Cmty. Hosp. v. Goodlett*, 968 So. 2d 391, 396 (Miss. 2007) (quoting *Penn. Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 430 (Miss. 2007) (overruled on other grounds)). *See also Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 988 (Miss. 2004).

¶28. Two issues are before the Court: (1) whether dismissal is warranted for failure to comply with the notice requirement of Mississippi Code Annotated Section 15-1-36(15) (Rev. 2003); and (2) whether dismissal is warranted for failure to accompany the complaint with a certificate of expert consultation pursuant to Mississippi Code Annotated Section 11-1-58 (Supp. 2007).[11] We restate the issues for the sake of discussion.

### I. WHETHER DISMISSAL IS WARRANTED FOR FAILURE TO COMPLY WITH THE STATUTORY NOTICE REQUIREMENT.

¶29. Forest Hill and Long Term Care argue that no notice was given to any defendant before filing suit and that Brister admitted this to the trial court. Mississippi Code Annotated Section 15-1-36(15) (Rev. 2003) states:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration

---

[11]A third issue was presented (whether Rhonda Bounds was improperly substituted as a defendant); however, Bounds's post-appeal settlement with the plaintiff now renders this issue moot.

of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

This amendment was passed by a special session of the Legislature in 2002, and was effective from and after January 1, 2003. Brister argues that she was not required to give sixty days notice because Henry passed away on July 31, 2001, and her cause of action thus accrued before January 1, 2003. However, we have clearly held that the statutory notice is required for claims filed on or after January 1, 2003, regardless of when the claim accrued. *Arceo v. Tolliver*, 949 So. 2d 691, 694-95 (Miss. 2007) (citing *Pitalo v. GPCHP-GP, Inc.*, 933 So. 2d 927, 928-29 (Miss. 2006)).

¶30. Brister admits that she did not give the statutory notice to any party. Previously, this Court was "squarely confronted with a situation where the plaintiff, in filing an original complaint, a first amended complaint, and a second amended complaint, wholly failed to submit *any notice* required by the statute." *Arceo*, 949 So. 2d at 697 n.5 (emphasis in original). We further stated in *Arceo*:

> On June 4, 2004, Myrtis Tolliver filed a complaint for medical malpractice and negligence against Dr. Arceo and John and Jane Doe defendants. On June 25, 2004, the plaintiff filed a first amended complaint; and, on July 23, 2004, the plaintiff filed a second amended complaint. Prior to the filing of these complaints, the plaintiff failed to submit the notice required by Miss. Code Ann. § 15-1-36(15) (Rev. 2003).

*Id.* at 692-93 (footnotes omitted). We held in *Arceo* that the trial court erred in denying the defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, because

16

Mississippi Code Annotated Section 15-1-36(15) clearly states that no action may be begun without prior notice. *Id.* at 694-95 (citing *Pitalo*, 933 So. 2d at 928-29). Here, as in *Arceo*, "the plaintiff wholly failed to provide any written notice to any medical provider concerning her intention to commence suit." *Id.* at 694. Thus, clearly, as a named party, Forest Hill was entitled to sixty days notice before the filing of the suit, failing which, Forest Hill was entitled to dismissal.

¶31. As to Long Term Care, Brister also argues that she was not required to give notice to the defendants, specifically Long Term Care, who were substituted as John Does, because Section 15-1-36(15) specifically provides that "[t]his subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name." We agree with this assertion as to Long Term Care concerning this first issue and find that; therefore, we proceed to Issue II.

## II. WHETHER DISMISSAL IS PROPER FOR FAILURE TO ATTACH A CERTIFICATE OF EXPERT CONSULTATION.

¶32. Forest Hill and Long Term Care also assign as error the failure of the plaintiff to accompany the complaint with a certificate of expert consultation at the time suit was commenced as required by Mississippi Code Annotated Section 11-1-58 (Supp. 2007). In his Motion to Dismiss, Dr. Estes also assigned this failure as error. Section 11-1-58 became effective from and after January 1, 2003. In *Walker v. Whitfield Nursing Center, Inc.*, 931 So. 2d 583 (Miss. 2006), this Court for the first time addressed Section 11-1-58. *Walker*

17

involved a negligence/wrongful-death suit commenced on April 7, 2004, for injuries and resultant death occurring on April 8, 2002, and July 17, 2002, respectively. The Section 11-1-58(1) expert consultation certificate did not accompany the complaint commencing the lawsuit. *Id.* at 586. In the end, we stated that because the "clear and unambiguous" mandatory language of the statute required that "the complaint shall be accompanied by" an expert consultation certificate, Walker's complaint had to be dismissed. *Id* at 591.

¶33. However, subsequent to *Walker*, we revisited this issue in *Wimley v. Reid*, 2008 Miss. LEXIS 456 (Sept. 18, 2008). In *Wimley*, we overruled *Walker* and its progeny to the extent that *Walker* stood for the proposition that the Legislature had the authority under our state constitution to promulgate procedural statutes dictating to the judiciary what it shall require to be attached to pleadings filed in court. *Id.*, **9-10, ¶¶14-16. On the other hand, we clearly acknowledged in *Wimley* the Legislature's constitutional authority to set out pre-suit requirements, such as expert consultation prior to commencement of a medical-malpractice suit. *Id.*, **11-12, ¶¶18-20. Because the record in *Wimley* did not reveal whether the statutorily mandated pre-suit requirements had been met, we remanded the case to the trial court, with instructions, for an evidentiary hearing to determine this issue. *Id.*, *12, ¶21.

¶34. Returning to the facts of today's case, consistent with *Wimley*, we are required to reverse the trial court judgment denying the motion to dismiss for failure to comply with the pre-suit requirements of section 11-1-58(1). However, it is not necessary to remand this case pursuant to *Wimley*, because the plaintiff's attorney in today's case admits that he did not

18

consult an expert prior to commencing this lawsuit. Thus, in addition to our reasons stated in discussing Issue I, *supra*, as to Forest Hill, the plaintiff's complaint against Forest Hill must also be dismissed for failure to comply with the pre-suit requirements of Section 11-1-58(1). Since the plaintiff did not comply with the pre-suit requirements of Section 11-1-58(1) at the time the suit was commenced against Forest Hill, we find that a subsequent substitution of Long Term Care as a party to a suit that must be dismissed was meaningless. We find this issue as to both Forest Hill and Long Term Care to have merit.

## CONCLUSION

¶35. For the reasons stated, the Hinds County Circuit Court's orders denying the motion to dismiss the plaintiff's complaint for failure to comply with Mississippi Code Annotated Sections 15-1-36(15) and 11-1-58(1) are reversed, and judgment is rendered here for Forest Hill Nursing Center and Long Term Care Management, LLC.

¶36. **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER, P.J., DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY GRAVES, J.**

**DIAZ, PRESIDING JUSTICE, DISSENTING:**

¶37. The interlocutory appeals of Forest Hill Nursing Center and Long Term Care Management, LLC, should be dismissed by this Court. Forest Hill is barred from appealing the trial court's order denying its motion to dismiss because it appealed that order once

19

before, and this Court denied its motion for interlocutory appeal. Long Term Care's appeal cannot be heard by this Court because the trial court never ruled on its motion to dismiss. Moreover, I disagree with the majority that the trial court erred by not dismissing Brister's complaint based on her failure to provide pre-suit notice to the defendants and to attach a certificate of expert consultation to the complaint. For these reasons, I dissent.

¶38. Forest Hill's interlocutory appeal is clearly barred. As the majority opinion notes, Forest Hill previously appealed the circuit court's order denying its motion to dismiss on April 8, 2005, and this Court entered an order on June 15, 2005, denying Forest Hill's motion for interlocutory appeal for not being timely filed. By joining Dr. Estes's interlocutory appeal of the circuit court's order denying his motion to dismiss, Forest Hill was obviously attempting to appeal the denial of its motion to dismiss a second time. It is axiomatic that a litigant may not appeal an interlocutory order twice. Accordingly, this Court should dismiss Forest Hill's interlocutory appeal.

¶39. As for Long Term Care's interlocutory appeal, this Court cannot assert jurisdiction over it. Long Term Care filed its motion to dismiss on July 8, 2005. But the circuit court never ruled on Long Term Care's motion to dismiss. (The March 6 and March 8 orders of the circuit court denied Estes's motion to dismiss, which was filed separately from Long Term Care's.) Long Term Care admitted this in its motion for joinder filed with this Court on March 27, 2006: "Long Term Care . . . [has] pending before the lower court their Motion to Dismiss[.]" Because the circuit court never ruled on Long Term Care's motion, there was

20

no "interlocutory order" to appeal. M.R.A.P. 5(a). Therefore, this Court must dismiss Long Term Care's interlocutory appeal.

**GRAVES, J., JOINS THIS OPINION IN PART.**