577 So.2d 384 (1991)
C. Hugh EDWARDS
v.
Thomas Earl BEASLEY, Jr.
No. 89-CA-0336.
Supreme Court of Mississippi.
March 20, 1991.
*385 George S. Shaddock, Pascagoula, for appellant.
Robert G. Ramsay, Pascagoula, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and McRAE, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Hugh Edwards has appealed to this Court from the judgment of the Jackson County Circuit Court in favor of Thomas Beasley for $45,100.00. He presents two issues for consideration by this Court.

FACTS
Edwards and Beasley formed a partnership in which each owned one-half of the stock in Southeastern Industries, Inc. On December 15, 1986, Edwards and Beasley entered into a purchase and sale agreement in which Edwards agreed to purchase all of Beasley's interest in the company for $81,246.00. Edwards made a down payment and was given credit for some cash advances made to Beasley. The net amount owed totaled $50,000.00. Edwards executed a promissory note for $50,000.00 in favor of Beasley on December 15, 1986, which was to be paid in monthly installments of $1,000.00. Edwards made nine payments and then stopped.
On January 15, 1988, Beasley filed a complaint against Edwards to recover the $41,000.00 still owed on the note, $4,100.00 in attorney's fees, and all court costs. Edwards filed an answer and counterclaim alleging that the note was predicated upon their previous agreements and that he was justified in refusing to make any further payments due to Beasley's breach of those agreements. Edwards, however, failed to attach the agreements to his pleadings. During the trial, the lower court refused to allow him to amend his pleadings to include the agreements.
Edwards claimed that Beasley became involved with a competing construction company, and as a result, Beasley breached the partnership agreement. Beasley admitted at trial that he did contact another company about a construction job while he was still a partner at Southeastern. The job was awarded to a company which subcontracted the work out to Coastline Corporation, Beasley's present employer. He also testified that Southeastern was not capable of doing the job at the time. Edwards, however, testified that Southeastern was capable of doing the job.

LAW

I. DID THE LOWER COURT ERR IN REFUSING TO ALLOW EDWARDS TO AMEND HIS PLEADINGS TO INCLUDE THE PURCHASE AND SALE AGREEMENT AND THE PARTNERSHIP AGREEMENT?

II. DID THE LOWER COURT ERR IN REFUSING EDWARDS' JURY INSTRUCTIONS REFERRING TO THE PURCHASE AND SALE AGREEMENT AND THE PARTNERSHIP AGREEMENT?
In his answer and counterclaim, Edwards refers to the contract, which is the basis of the promissory note and claim. Edwards charged that Beasley breached the contract in that he interfered with the business of Southeastern in direct violation of the agreement and that he willfully and maliciously attempted to cause harm to, and did harm, Edwards and the business.
Edwards failed to attach the contract to his pleadings and, in his answer to the cross-complaint, Beasley pointed out that *386 no contract was attached to the pleadings. Beasley responded:
There being no copy of any Contract attached to the Cross-Complaint the Plaintiff/Cross-Defendant is without sufficient information to either admit or deny the remaining allegations contained in Paragraph Two of the Complaint and therefore denies same.
At trial, Edwards moved the court to allow him to amend his pleadings to include the purchase and sale agreement, to which Beasley objected, citing Miss.R.Civ.P. Rule 10(d) which provides:
(d) Copy Must Be Attached. When any claim or defense is founded on an account or other written instrument, a copy thereof must be attached to or filed with the pleading unless sufficient justification for its omission is stated in the pleading.
The trial judge held that Rule 10(d) did not give him any discretion in the matter and he refused to permit amendment of the pleadings to include the written instrument. Thus, the purchase and sale agreement was introduced for identification only. Edwards also attempted to introduce a Partnership Agreement which was executed on May 14, 1985, and Beasley's objection on the same ground was sustained by the trial judge. It also was introduced for identification purposes only.
According to Edwards, after the promissory note was executed, he became aware that Beasley had breached the Partnership Agreement. If the breach did occur, Beasley would have had to relinquish the stock to Edwards at par value.
(4) It is the express and mutual desire of the parties to insure that both partners have no conflicts of interest which may hamper the operation of their business, and, in order to accomplish those means, the parties do hereby covenant and agree that, in the event either party becomes involved in any business activity outside the scope and operation of Southeastern Industries, Inc., without the express written consent of the other party, the offending party shall relinquish all stock and ownership of Southeastern Industries, Inc. for the consideration of payment of the par value of said stock. The parties hereto recognize the penal nature of this condition, but both agree that same is necessary for the success of the parties and their business.
Edwards claims that he had a right to stop payment on the note since the note was executed to purchase stock that should have been relinquished to him at par value.
Beasley was aware that the contract was not attached to the pleadings. Almost a year elapsed from the time of the pleadings until the trial and Beasley had ample time to discover and obtain the documents. In Gilchrist Machinery Co., Inc. v. Ross, 493 So.2d 1288 (Miss. 1986), the Court said:
While Rule 10(d) must obviously be given effect according to its tenor, such may be done by providing that a defendant must timely assert the rule else any claim founded thereon will be deemed waived (footnote omitted). Where a party perceives that his adversary has failed to conform to Rule 10(d), he may file a proper motion reasonably in advance of trial seeking compliance with the rule, failing which compliance he may be entitled to dismissal of the complaint without prejudice. Any other construction would render the rule's primary function as a trap for the unwary. Where, as here, the fact of the statements was alleged and where it is obvious that there was no surprise to Gilchrist, (footnote omitted) it would be wholly inconsistent with the spirit and purpose of our rules to treat Rule 10(d) as an exclusionary rule. In view of the liberal provisions for discovery found in Rule 26-37, Miss.R. Civ.P. the attachment of exhibits to pleading is hardly as important as in former days. See Bryant, Inc. v. Walters, 493 So.2d 933, 938 (Miss. 1986); Stanton & Associates, Inc. v. Bryant Construction Company, Inc., 464 So.2d 499, 505 (Miss. 1985).
In the end, while it appears that Ross' complaint may not have complied with Rule 10(d) in that, without explanation or justification, the invoices are not attached, Gilchrist's failure to assert the *387 violation by proper motion or otherwise reasonably in advance of trial shall operate as a waiver of its rights under the rule. The assignment of error is denied.
Gilchrist, at 1292.
In Bryant, Inc. v. Walters, 493 So.2d 933 (Miss. 1986), this Court held that a rigid application of Rule 10(d) is no longer necessary.
The comment to [Rule 10(d)] states this subparagraph was added to continue the traditional Mississippi practice of annexing to pleadings copies of written documents upon which the claim or defense is founded. Miss. Code Ann. § 11-7-47 and § 13-1-141 (1972) have been construed, however, as rules of evidence, not a pleading. (citations omitted)
With the liberal discovery statutes and rules in effect, and documents procurable on a simple motion to produce, there appears to be no compelling reason for rigid adherence to this rule. It makes even less sense to argue that literal compliance with this rule is necessary before any court has authority to enter a judgment against a defaulting defendant.
Bryant, at 938.
Beasley was a party to, and signed, the agreements. He was familiar with the terms of the agreements and his argument that Edwards was trying to ambush him is without merit. The lower court should have permitted the amendments and it committed reversible error by declining to do so.
The issue number one being dispositive of the case, it is not necessary to discuss issue number two.
The judgment of the lower court is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.