# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00593-SCT

*CHARLIE DOYLE WIMLEY, INDIVIDUALLY
AND ON BEHALF OF ALL WRONGFUL DEATH
BENEFICIARIES OF JEANETTE DOYLE,
DECEASED*

*v.*

*BILL REID*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/02/2007 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DENNIS C. SWEET, III |
| | WARREN LOUIS MARTIN, JR. |
| ATTORNEYS FOR APPELLEE: | LOREN HENAGAN PRATT |
| | R. MARK HODGES |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED- 09/18/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON JUSTICE, FOR THE COURT:**

¶1.     In this medical-negligence suit, the plaintiff failed to attach either an attorney's certificate of consultation, or an expert disclosure in lieu of the certificate, as required by Mississippi Code Annotated Section 11-1-58 (Rev. 2007). The question presented is whether such failure requires dismissal of the suit.

**BACKGROUND FACTS AND PROCEEDINGS**

¶2.    The facts necessary to resolve this appeal are essentially undisputed.  Charlie Doyle Wimley filed suit against several healthcare providers[1] for the wrongful death of her mother, Jeanette Doyle.  When filing her complaint, Wimley included neither a certificate nor a disclosure.  Less than a week after Reid filed an answer, Wimley filed a certificate[2] and a motion seeking leave to amend her complaint to attach the certificate.  Reid responded to the motion by arguing that Wimley's failure to strictly comply with the requirements of Section 11-1-58 required dismissal of the suit.

¶3.    After hearing arguments and taking the matter under advisement, the trial court denied Wimley's motion to amend, granted Reid's motion to dismiss, and dismissed the suit "with prejudice."  Wimley timely perfected an appeal, questioning whether her suit should have been dismissed for failure to file the certificate, and whether she should have been allowed to amend her complaint.[3]

---

[1]Coleman Cataract and Eye Laser Surgery Center, Inc.; Michael Coleman, M.D.; Denise Young, R.N.; B. Robbins, R.N.; C. Lary, R.N.; and John Does 1-10.  Young and Robbins were dismissed as defendants on December 9, 2005.  Coleman Cataract and Eye Laser Surgery Center, Inc.; Michael Coleman, M.D.; and Carrie Lary, R.N. were dismissed March 9, 2007, on separate motion.  The record provides no notice of appeal from either set of dismissals.

[2]The certificate tracks the language of Mississippi Code Annotated Section 11-1-58(1)(a) (Supp. 2007).

[3]Wimley raised one more argument on appeal, whether Reid adequately asserted this defense in his pleadings.  Reid correctly responded that Wimley did not argue this issue before the trial court and "a trial judge cannot be put in error on a matter which was never presented to him for decision." *Cooper v. Lawson*, 264 So. 2d 890, 891 (Miss. 1972).  Similarly, Wimley did not argue before the trial court that strict interpretation of this statute would unconstitutionally deprive her of her right to due process of law.  Therefore, we do not address these arguments on appeal.

¶4.    Upon our initial review of the briefs, we note that Reid's position would have required us to abrogate the Mississippi Rules of Civil Procedure and apply instead a procedural rule set forth in a statute. Because the parties failed to brief this question, we required the parties to submit additional briefing on the constitutionality of Section 11-1-58, insofar as it sets forth requirements for a properly filed complaint. We further invited briefing from the Attorney General and amici. We received briefing on the issue from both parties, as well as an amicus brief from the Magnolia Bar Association. The Attorney General's office filed no brief, purporting instead to join the brief filed by Reid.[4]

## ANALYSIS

¶5.    Although this Court employs an abuse-of-discretion standard to an appeal of an order granting or denying a motion to amend, *Moeller v. American Guaranty & Liability Insurance Co.*, 812 So. 2d 953, 961 (Miss. 2002), we review *de novo* a trial court's dismissal of a suit based on a question of law. *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 893 (Miss. 2006). Before addressing Wimley's motion to amend her complaint, we must first review the propriety of the trial court's dismissal of the suit.

¶6.    The trial court's basis for dismissal of the suit was Wimley's failure to comply strictly with the requirements of Section 11-1-58 of the Mississippi Code, which provides in relevant part:

---

[4]At the time of the Attorney General's joinder in Reid's brief on the constitutional issue, Reid had filed no brief.

3

(1) In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring:

> (a) The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action. . . ."

Miss. Code Ann. § 11-1-58 (Supp. 2007).

¶7.    In a case of first impression, this Court held that a plaintiff's failure to comply with the mandatory portions of this statute risks involuntary dismissal of the suit. *Walker v. Whitfield Nursing Ctr., Inc.*, 931 So. 2d 583, 591 (Miss. 2006). *See also Cmty. Hosp. of Jackson v. Goodlett*, 968 So. 2d 391, 397 (Miss. 2007); *Caldwell v. N. Miss. Med. Ctr., Inc.*, 956 So. 2d 888, 891 (Miss. 2007).

¶8.    Our reasoning in *Walker* and its progeny was anchored to this Court's majority view that parties must comply strictly with the requirements of statutes. However, this Court has never required compliance – strict or otherwise – with unconstitutional statutory provisions. In *Walker*, as here, the parties raised and briefed the issue of whether failure to attach a certificate to the complaint in compliance with Section 11-1-58 should result in dismissal of the suit. Because the parties failed to brief the constitutionality of the statute, insofar as it

4

usurps this Court's constitutional authority and duty to promulgate procedural rules for the courts of Mississippi, we required supplemental briefs.

*Separation of powers.*

¶9. In her supplemental briefing, Wimley sets forth the following excellent synopsis of this Court's constitutional authority:

> Articles 1 and 6 of the Mississippi Constitution of 1890 address the role of the judiciary and the constitutional powers bestowed upon it. In each of these articles the drafters and those that have revised the Constitution since that time set forth an unambiguous pronouncement of the authority vested in the Mississippi Supreme Court.
>
> The Separation of Powers Doctrine, memorialized in Miss. Const., Art. I, §§ 1 and 2, was meant to prescribe limitations on the power of each of the three co-equal governmental branches. The Doctrine serves to ensure that each body refrains from encroaching upon the authority of the other. The legislative history of the Constitution illustrates that the drafters of the 1890 version intentionally deleted a single phrase from the 1832 and 1869 Constitutions that questioned the strict mandate of the separation of powers. *See Alexander v. State By and Through Allain*, 441 So. 2d 1329 (Miss. 1983).

¶10. Wimley also points us to the following quote from the United States Supreme Court:

> This separation is not merely a matter of convenience or of governmental mechanism. Its object is basic and vital . . . namely, to preclude a commingling of these essentially different powers of government in the same hands . . . . If it be important thus to separate the several departments of government and restrict them to the exercise of their appointed powers, it follows . . . that each department should be kept completely independent of the others.

*O'Donoghue v. United States*, 289 U.S. 516, 53 S. Ct. 740, 77 L. Ed. 1356, (1933).

¶11.   In addressing a clash between a statutory rule of evidence and the Mississippi Rules of Evidence, this Court stated, "What is important to remember is that this Court's rule-making power is a function of our constitution's command that the three great governmental powers be separate." *Hall v. State*, 539 So. 2d 1338, 1345 (Miss. 1989).

¶12.   In its well-reasoned amicus brief, the Magnolia Bar Association points us to our proclamation in *Newell v. State*, 308 So. 2d 71 (Miss. 1975):

> The inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts. . . . [Inasmuch as the judiciary] is conversant with the law through years of legal study, observation and actual trials, [judges rather than] well-intentioned, but overburdened, legislators [are better suited to know what procedural changes are] needed to meet the needs of a particular era and to maintain the judiciary's constitutional purpose.

*Id*. at 76.

¶13.   The brief provided by Reid argues that, "as early as 1935, the Legislature has exercised its authority to limit a litigant's right to bring suit . . . ." Reid also reminds us that we have "tacitly acknowledged legislative authority to require expert consultation prior to filing a medical malpractice suit." This argument is compelling. However, our opinion today in no way diminishes Section 11-1-58's requirement of consultation with an expert prior to filing suit. Nevertheless, we fail to see how this presuit requirement is relevant to the question of whether a statute may mandate that a certificate be filed in the court with the complaint.

¶14.   In addressing the specific issue presented by today's case, we are unable to ignore the constitutional imperative that the Legislature refrain from promulgating procedural statutes

6

which require dismissal of a complaint, and particularly a complaint filed in full compliance with the Mississippi Rules of Civil Procedure. We find Section 11-1-58's requirement that a complaint be accompanied by a certificate or waiver to be just such a procedural statute.

¶15. In 1981, this Court adopted the Mississippi Rules of Civil Procedure, wherein the requirements for filing a complaint are clearly, unambiguously, and exhaustively set forth. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. . . ." Rule 8(e) provides that averments in the complaint be "simple, concise, and direct," and that "[n]o technical forms of pleading . . . are required." Section 11-1-58's requirement that a certificate accompany the filing of the complaint contradicts these provisions of the Mississippi Rules of Civil Procedure. Furthermore, the statutory requirement is totally inconsistent with Rule 8(f)'s requirement that "pleadings shall be so construed as to do substantial justice."

¶16. Accordingly, we hold that a complaint, otherwise properly filed, may not be dismissed, and need not be amended, simply because the plaintiff failed to attach a certificate or waiver. To the extent *Walker* and its progeny hold otherwise, they are hereby overruled.

¶17. We hasten to say that our holding today has no effect on the constitutionality or applicability of other provisions or requirements of Section 11-1-58. Indeed, we guard just as diligently the Legislature's prerogative to set forth in legislation whatever substantive, pre-suit requirements for causes of action, and prerequisites to filing suit, it deems appropriate.

*Pre-suit requirements.*

7

¶18. Simply stated, Section 11-1-58 requires the attorney representing a person contemplating a lawsuit against a healthcare provider to: (1) perform certain acts prior to filing suit, and (2) when the suit is filed, attach a certificate to the complaint declaring that the required acts were performed. Miss. Code Ann. § 11-1-58 (Supp. 2007).

¶19. As stated, pre-suit requirements are clearly within the purview of the Legislature, and do not encroach upon this Court's rule-making responsibility. Indeed, we consistently have held that the Legislature has authority to establish presuit requirements as a condition precedent to filing particular kinds of lawsuits.[5] For instance, the Legislature promulgated, and we have enforced, Section 11-46-11(1), which requires that notice be provided to the putative defendant prior to bringing a claim under the Mississippi Tort Claims Act Miss. Code Ann. § 11-46-11(1) (Rev. 2002). Similarly, the Legislature promulgated, and we have enforced, Section 15-1-36(15)'s requirement of notice prior to bringing a medical-negligence claim. Miss. Code Ann. §15-1-36 (15) (Rev. 2003); *see e.g. **Arceo v. Tolliver***, 949 So. 2d 691, 693-97 (Miss. 2006) (strictly construing and applying statute which requires plaintiffs to give notice before commencing a medical negligence action).

¶20. Accordingly, we do not today address or question the enforceability of Section 11-1-58's presuit requirements. However, we are not told whether those requirements were met. The record reveals only that, initially, the plaintiff failed to attach a certificate, but later filed

---

[5]By "authority" we mean the Legislature's authority as opposed to the authority granted to this Court. We have not previously addressed, and do not today address, the constitutionality of any other provision or requirement of Section 11-1-58.

8

a certificate and sought to amend the complaint. The certificate does not indicate whether Wimley's attorney consulted with the expert prior to, or after, filing the complaint. If the former, then Wimley is in compliance with the enforceable portion of Section 11-1-58. If the latter, then the pretrial statutory requirement was not met, and the trial court should dismiss the complaint without prejudice.

¶21. Accordingly, we reverse the trial court's order and remand this matter for a hearing to determine whether the presuit requirements were met.

¶22. **REVERSED AND REMANDED**.

**SMITH, C.J., CARLSON, RANDOLPH AND LAMAR, JJ., CONCUR. DIAZ, P.J.,CONCURS IN RESULT ONLY. GRAVES, J.,CONCURS IN PART. EASLEY, J., CONCURS IN PART AND IN RESULT ONLY. RANDOLPH, J. SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY SMITH, C.J., CARLSON, DICKINSON AND LAMAR, JJ. WALLER, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED IN PART BY DIAZ, P.J., EASLEY AND GRAVES, JJ.**

**RANDOLPH, JUSTICE, SPECIALLY CONCURRING:**

¶23. I agree with Justice Dickinson's well-reasoned opinion. However, I maintain that this Court should take an additional step by asserting its constitutional prerogative to amend the Mississippi Rules of Civil Procedure to facilitate the practical application of the law as enunciated by the majority. In that we possess a relationship akin to comity[6] with our Legislature, I proffer an amendment to the Rules which would unite the public policy

---

[6]Comity, according to Black's Law Dictionary, is: "Courtesy among political entities (as nations, states or courts of different jurisdictions), involving esp. mutual recognition of legislative, executive and judicial acts." Black's Law Dictionary, 261 (7th Ed. 1999).

promulgated by the Legislature with the rules of procedure, all without encroaching upon the judiciary's right to establish the procedure by which cases are filed.

¶24.   We have determined that the Legislature can require claimants to meet conditions prior to filing a claim, as long as the conditions do not run afoul of the claimant's constitutional right to seek redress; while recognizing that once the claim enters the judicial arena, the legislative authority is trumped by the rules of procedure promulgated by this Court.

¶25.   When this Court adopted the Mississippi Rules of Civil Procedure in 1981, the Court declared that:

> Pursuant to the inherent authority vested in this Court by the Constitution of the State of Mississippi, as discussed in *Cecil Newell, Jr. v. State of Mississippi,* 308 So. 2d 71 (Miss. 1975), to promote justice, uniformity, and the efficiency of courts, the rules attached hereto are adopted and promulgated as Rules of Practice and Procedure in all Chancery, Circuit and County Courts of this State in all civil actions filed on and after January 1, 1982, any and all statutes and court rules previously adopted to the contrary notwithstanding, and in the event of a conflict between these rules and any statute or court rule previously adopted these rules shall control.

¶26.   Mississippi Code Annotated Section 11-1-58 has required this Court to address multiple post-filing disputes as to whether the legislative pre-suit condition has been met. The most direct and simplest way for courts to ensure compliance with this statute would be to amend our procedural rule. By amending existing Mississippi Rule of Civil Procedure 10 to prospectively require the Expert Certificate of Consultation to be attached to a complaint in a medical negligence suit, we could ensure that less time and money would be expended by the parties, and at the same time, conserve judicial resources. Such a modest change

10

would eliminate the post-filing disputes requiring judicial intervention to determine when, or if, the pre-condition was met. The Mississippi Rules of Civil Procedure were promulgated to avoid needless delay and waste of judicial resources. Their stated purpose is "to secure the just, speedy, and inexpensive determination of every action." *See* M.R.C.P. 1. It is within the inherent authority of this Court to amend this rule, and such disposition herein amalgamates public policy with procedural practicality.

**SMITH, C.J., CARLSON, DICKINSON AND LAMAR, JJ., JOIN THIS OPINION.**

**WALLER, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶27.    As I fail to see a breach of the separation of powers created by the Legislature in stating that a certificate shall accompany a complaint, I respectfully dissent in part. Wimley's amended complaint does not alter any substantive part of the original complaint, therefore I find no need to follow the majority decision rejecting the certificate requirements, and find that the motion to amend made under Rule 15 is the appropriate method to cure this procedural defect.

¶28.    Rule 15 of the Mississippi Rules of Civil Procedure governs the amendment of complaints.  It provides, in relevant part:

> On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) . . . leave to amend shall be granted when justice so requires upon conditions and within time as determined by the court. . . .  Otherwise, a party may amend a pleading only by leave of court or upon written consent of the adverse party; leave shall be freely given when justice so requires.

11

Miss. R. Civ. P. 15(a).  As explained in *Moeller*:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded . . . if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Moeller v Am. Guar. & Liab. Ins. Co.*, 812 So. 2d 953, 962 (Miss. 2002) (quoting *Estess v. Starnes*, 732 So. 2d 251, 252 (Miss. 1999)).  Amended pleadings have been liberally permitted throughout Mississippi legal history.  Miss. R. Civ. P. 15 cmt.  *Cf. Field v. Middlesex Banking. Co.*, 77 Miss. 180, 26 So. 365 (1899) (the presentation of a case on its merits should not be defeated by reason alone of any formal rules of pleading and practice, if within the legitimate powers of a court of conscience to avoid it).

¶29.    The circuit court granted Reid's motion to dismiss and denied Wimley's motion to amend in the same order.  The order submitted by counsel for Reid offers no explanation for the court's ruling.  Wimley filed her certificate of consultation with the trial court five days after Reid filed his answer containing the motion to dismiss.  Wimley filed her motion to amend two weeks later.  Slightly more than three months passed between the time Wimley filed her original complaint and motion to amend.  Reid made no argument at the hearing on the motion or in his brief on appeal that he would be prejudiced in any way should leave to amend have been granted.  The record lacks any indication that Wimley was dilatory or acted in bad faith when she filed the original complaint without the certificate of consultation.

12

Therefore, without finding that the Legislature has overstepped its constitutional boundaries, I would suggest the trial court abused its discretion when denying Wimley's motion to amend before dismissing this matter with prejudice.

¶30.    Section 11-1-58(1) does not set out a substantive, jurisdictional prerequisite for filing a malpractice suit. Miss. Code Ann. § 11-1-58(1) (Supp. 2007). The statute <u>only</u> requires that "the complaint shall be accompanied by a certificate." *Id*. Nothing in the statute or in our rules prohibits a plaintiff from complying with this requirement through our tried and tested rules of civil procedure. As a separate and equal branch of government, it is this Court's prerogative to promulgate procedural rules. *Newell v. State*, 308 So. 2d 71 (Miss. 1975). According to Rule 1, our rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Miss. R. Civ. P. 1. Dismissing a case on procedural grounds, where a party has acted diligently to bring her case back in conformity with the rules, frustrates the core mandate of the rules. However, while I agree that the Legislature should not interfere with how and when the certificate is attached to the complaint, I do not suggest that the Legislature has overstepped its bounds by requiring the certificate as a whole.

¶31.    This Court does not attach more legal significance to the certificate requirement than we do to the attachment requirement for any other complaint, such as a complaint founded on an open account or other written instrument. We, the Court, by rule, require such instruments to "be attached to or filed with the pleading" in language as demanding as the certificate requirement under the statute. Miss. R. Civ. P. 10(d). Even under this rule, we

13

permit a party to first cure the deficiency before dismissing the matter entirely. *See Edwards v. Beasley*, 577 So. 2d 384, 386-87 (Miss. 1991). In conformity with our rules, we have liberally permitted amended pleadings. *See, e.g., Poindexter v. Southern United Fire Ins. Co.*, 838 So. 2d 964, 968 (2003); *Bennett v. Madakasira*, 821 So. 2d 794, 802 (Miss. 2002). There is no reason to say our rules will not apply in this situation and govern the outcome.

¶32. In *Walker*, *Caldwell*, and *Goodlett*, we upheld the orders dismissing the cases. *Walker v. Whitfield Nursing Ctr., Inc*., 931 So. 2d 583 (Miss. 2006); *Cmty. Hosp. of Jackson v. Goodlett*, 968 So. 2d 391 (Miss. 2007); *Caldwell v. N. Miss. Med. Ctr., Inc*., 956 So. 2d 888 (Miss. 2007). None of the plaintiffs in these cases sought to amend their complaints to comply with the statute. Wimley's situation is different because she sought leave to amend. Wimley sought to cure the defect three weeks after Reid placed her on notice. In *Walker* and *Caldwell*, a more substantial amount of time passed between notice and the plaintiff's attempts to cure. *Caldwell*, 956 So. 2d at 889 (notice given three months prior to filing expert disclosure; disclosure did not accompany amended complaint filed after notice); *Walker*, 931 So. 2d at 589 (more than one year passed between filing of complaint and supplying affidavit to defendant; affidavit given three weeks after motion for summary judgment). I find these cases fundamentally distinguishable from the matter now before the Court, and, therefore, do not reach the same result as the majority.

¶33. Therefore, I would reverse the trial court's judgment dismissing this matter and denying Wimley's motion to amend, and remand this matter to the circuit court with instructions to grant Wimley leave to amend her complaint under the terms it deems just.

14

**DIAZ, P.J., EASLEY AND GRAVES, JJ., JOIN THIS OPINION IN PART.**