GRAVES, Presiding Justice,
Dissenting.
¶ 10. The majority opinion indicates that certiorari was granted “only to clarify the manner of dismissal for failure to comply with Section 15-1-36(15).” However, there is no order or anything else which indicates that certiorari was granted solely for that purpose. Because I would find that Mississippi Code Annotated section 15-1-36(15) is unconstitutional or, alternatively, only requires substantial compliance, I respectfully dissent. Moreover, I write to reiterate my opinion on this issue as previously set out in Thomas v. Warden, 999 So.2d 842 (Miss.2008), reh’g denied (Feb. 12, 2009), and Arceo v. Tolliver, 949 So.2d 691 (Miss.2006).
¶ 11. Section 15-1-36(15), states:
No action based upon the health care provider’s professional negligence may be begun unless the defendant has been given at least sixty (60) days’ prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.
Miss.Code Ann. § 15-1-36(15) (Rev.2003).
¶ 12. In Arceo, this Court found that Section 15-1-36(15) should be strictly construed and that Tolliver’s claim should have been dismissed because no notice was provided under the statüte. Arceo v. Tolliver, 949 So.2d 691. However, this Court further found that the constitutionality of this section was not raised on appeal and it was therefore not addressed. Arceo v. Tolliver, 949 So.2d 691. Arceo is distinguishable because, in the instant case, the constitutionality of the section has been raised.
¶ 13. Williams asserts that Mississippi Code Annotated section 15-1-36(15) is unconstitutional. Specifically, Williams asserts that 15-1-36(15) conflicts with Rule 3 of the Mississippi Rules of Civil Procedure, which governs the commencement of civil actions and requires only that a complaint be filed with the appropriate court.
¶ 14. “[T]he inherent power of this Court to promulgate procedural rules ema *432 nates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts.” Claypool v. Mladineo, 724 So.2d 373, 380 (Miss.1998). See also Newell v. State, 308 So.2d 71, 76 (Miss.1975). Section 144 of the Mississippi Constitution says: “The judicial power of the State shall be vested in a Supreme Court and such other courts as are provided for in this Constitution.” Miss. Const. art. 6, § 144. There is no notice requirement in the judicial rules.
¶ 15. Section 15-1-36(15) conflicts with section 24 of article six of the Mississippi Constitution, which guarantees “[a]ll courts shall be open ... and justice shall be administered without sale, denial, or delay,” because the sixty-day notice requirement impedes or delays citizens’ access to courts.[3] A statute requiring a party to wait sixty days after providing notice constitutes a delay. Further, Williams has a First Amendment right to seek a redress of her grievances in a court of law. U.S. Const. amend. I.
¶ 16. I would find that section 15 — 1— 36(15) is a procedural statute requiring sixty days’ notice and that this Court’s finding in Wimley v. Reid, 991 So.2d 135 (Miss.2008), as to section 11-1-58, is likewise applicable here. In Wimley, this Court found:
[W]e are unable to ignore the constitutional imperative that the Legislature refrain from promulgating procedural statutes which require dismissal of a complaint, and particularly a complaint filed in full compliance with the Mississippi Rules of Civil Procedure. We find Section 11-1-58’s requirement that a complaint be accompanied by a certificate or waiver to be just such a procedural statute.
Id. at 138.
¶ 17. Further, the dissent in Arceo correctly addressed the implications of section 15-1-36(15):
The law, as interpreted by the majority, definitely is not in keeping with this principle [of freedom of access to the courts], but is in fact irrational, illogical, and unfair to those Mississippians seeking a redress of their grievance in a medical malpractice claim. Furthermore, the application of the pre-suit notice requirement, as interpreted by the majority, unnecessarily restricts access to the courts. The constitutional right of notice to the defendants was satisfied when Myrtis Tolliver filed her complaint. The implementation and enforcement of an additional notice requirement, without any other method to cure, is inequitable, unconstitutional, and deprives this plaintiff of her day in court.
Arceo, 949 So.2d at 699, 700 (Graves, J., dissenting).
¶ 18. For these reasons, I find that section 15-1-36(15) is unconstitutional. However, assuming arguendo that the statute is constitutional, then substantial compliance is the appropriate standard.
¶ 19. Williams asserts that she complied with the notice provision, because the defendants were not served with the complaint until more than sixty days after they had received notice of her intention to sue. Williams further asserts that she filed an amended complaint more than sixty days after the notice of her intention to sue.
¶ 20. In Arceo, this Court said specifically, as to strict versus substantial compliance:
*433 However, with all due respect to the dissent, today’s case does not involve a question of whether the plaintiff complied with section 15-1-36(15) by submitting a notice containing information which was substantial enough to be in compliance with the statute.... Instead, we are squarely confronted with a situation where the plaintiff, in filing an original complaint, a first amended complaint, and a second amended complaint, wholly failed to submit any notice required by the statute.
Arceo, 949 So.2d at 697.
¶ 21. In the instant case, notice was provided, thus allowing an inquiry of whether such notice substantially complied with the requirements of the statute.
¶ 22. Based on the language quoted herein from Arceo regarding substantial compliance, the wording of the statute and the fact that, here, notice was indeed provided, Williams substantially complied.
¶ 23. For the reasons stated herein, I would find that this matter should be reversed and remanded to the trial court. Therefore, I respectfully dissent.
KITCHENS, J., joins this opinion.

. Miss. Const. art. 3, § 24.