DICKINSON, Justice,
Concurring.
¶ 60. Although I agree with — and fully join — the majority, I write separately to address Justice Randolph’s concerns with Justice Carlson’s disposition of Issue III.
¶ 61. Justice Randolph correctly recites the views I expressed on behalf of the Court in Wimley v. Reid, 991 So.2d 135 (Miss.2008), and I do not today retreat from those views, nor do I find in today’s majority any view to the contrary. Indeed, neither Wimley nor the statutes at issue in this case mention the tolling of the statute of limitations, and I am of the opinion that Justice Carlson’s excellent analysis of the issue is correct.
¶ 62. To be clear, I continue to firmly believe this Court must apply statutes as they are written. And to that end, I reaffirm my support for the proposition that— for quantitative statutory mandates — the term “substantial compliance” is a non se-quitur,[4] employed primarily by two well-meaning but (in my view) misguided schools of judicial philosophy: those who mistakenly believe they can read the mind of the Legislature (as if it had only one mind); and those who interpret statutes as they think they should have been written.
¶ 63. It is not my intent to criticize those who hold the view that a statute’s perceived purpose may trump the statute’s precise language — I just disagree with them. Thus, in my view, where a statute specifically and unambiguously declares that a claimant must wait ninety days to file suit (a quantitative requirement), the claimant must wait ninety days, regardless of whether the assumed purposes of the statute may have been earlier met.
¶ 64. But strict compliance with statutory time limits does not require that we read into a statute provisions which are not there. I am convinced that suits filed prior to the expiration of the statutory notice periods should be dismissed, but I am prepared to go no further. That is to say, I will not agree to read into the Mississippi Tort Claims Act, or the pre-suit notice requirement of Section 15-1-36(15), a prohibition against tolling the statute of limitations for the period of time the suit was pending, notwithstanding the plaintiffs failure to give proper notice. If the Legislature wishes to eliminate tolling of the statute of limitations, it is free to enact a statute of repose. I see no reason whatsoever, under the facts of this case, to depart from the general rule that the filing *531 of a complaint tolls the statute of limitations.
WALLER, C.J., CARLSON, P.J., AND LAMAR, J., JOIN THIS OPINION.

. Indeed, I also am of the opinion that ‘‘substantial compliance” is a non sequitur in any context (one either complies, or one doesn't). I have, however, yielded to the populist affection for the term, but only as it applies to qualitative requirements. A better (and more accurate) phrase, in my opinion, would be "the information provided is substantial enough to comply with the statute’s requirement.”