DICKINSON, Presiding Justice,
dissenting:
[T]he Legislature [should] refrain from promulgating procedural statutes which require dismissal of a complaint, and particularly a complaint filed in full compliance with the Mississippi Rules of Civil Procedure.[3]
¶ 16. Gloria Jackson contested the election results in her race for Quitman County Tax Assessor by filing a complaint in the Quitman County Circuit Court. The majority says her complaint must be rejected because she failed to comply with a procedural requirement that was never adopted by this Court, and is nowhere to be found in the Mississippi Rules of Civil Procedure. I respectfully but forcefully dissent.
ANALYSIS
¶ 17. Less than four years ago, we handed down the above-quoted language in Wimley v. Reid, a decision described by the author of today’s majority as “well-reasoned.”[4] In Wimley, we addressed and struck down as unconstitutional a statute that required medical-negligence plaintiffs to attach attorney certificates of consultation with experts — or expert disclosures in lieu of the certificates — to medical-negligence complaints.[5] The plaintiffs attorney had failed to attach the statutorily required certificate, so the defendant moved for dismissal of the suit.
¶ 18. Finding the statute to be unconstitutional meddling with this Court’s authority to control matters of procedure, we stated that enforcing it would “require us to abrogate the Mississippi Rules of Civil Procedure and apply instead a procedural rule set forth in a statute.”[6]
¶ 19. Also, in addressing the Separation of Powers Doctrine, we found that the statutory requirement that an attorney’s certificate be attached to the plaintiffs complaint is a procedural rule the Legisla *442 ture was without authority to make.[7] We unequivocally held “that a complaint, otherwise properly filed, may not be dismissed, and need not be amended, simply because the plaintiff failed to attach a certificate or waiver.”[8]
¶ 20. I realize I have reached conclusions and am expressing opinions that cut against the grain of the traditional judicial approach in this Court. I do not do so lightly. Below, I will set forth my reasons and the authorities that have compelled this dissent.
1. Section 23-15-927’s procedural requirement is unconstitutional.
¶ 21. The Mississippi Constitution, while establishing a form of government similar to the federal model, includes an important provision not found in its federal counterpart-a provision that forbids each branch of government from sharing any of its powers with either of the other two branches.

Mississippi Constitution, Article 1, Section 1

¶ 22. Our Constitution’s first section establishes and grants powers to three distinct branches of government — legislative, judicial, and executive — and it grants the “judicial power” of the state to the judicial branch.[9] Section 144 of our Constitution vests in the Supreme Court the control of that judicial power.[10]

Mississippi Constitution, Article 1, Section 2

¶ 23. Our Constitution’s second section prohibits the Supreme Court from sharing its judicial powers with the legislative or executive branches:
No person or collection of persons being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others.[11]
This constitutional provision, restated as it pertains to this case and Rule 81, says the following:
[Neither the Supreme Court nor any justice on the Supreme Court] shall exercise any power properly belonging to [the Legislature].
[The Legislature] shall not exercise any power properly belonging to [the Supreme Court].
¶ 24. This constitutional provision could not be more clear. We may fairly debate which branch of our government is authorized to exercise a particular power (such as the power to promulgate procedural rules for our courts), but it is beyond reasonable debate that the branch that is granted the power may not constitutionally share it.
Newell v. State—The Power to Promulgate Rules of Procedure
¶ 25. For many years, the Mississippi Legislature assumed for itself the power to control many aspects of the judiciary, including its rules of practice and procedure. All the rules that addressed such matters as pleading, discovery, and the admission of evidence once were controlled by statutes.
¶ 26. In 1975, this Court took an important step toward judicial independence when it decided Newell v. State, which clearly stated:
The inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional con *443 cept of the separation of powers and the vesting of judicial powers in the courts.[12]
The Newell Court went on to say:
the phrase “judicial power” in section 144 of the Constitution includes the power to make rules of practice and procedure, not inconsistent with the Constitution, for the efficient disposition of judicial business.[13]
¶27. Six years following Newell, this Court took another important step. On May 26, 1981 — citing the Mississippi Constitution and Newell as its authority — this Court entered an order establishing and adopting the Mississippi Rules of Civil Procedure, declaring those rules to be controlling over conflicting statutes.[14] And on September 24, 1985, this Court entered an order establishing and adopting the Mississippi Rules of Evidence, declaring them to be controlling over conflicting statutes.[15]
¶ 28. These steps, while important, were incomplete. By leaving in place procedural statutes that did not conflict with the rules,[16] this Court effectively shared its constitutional powers with the Legislature. Neither the Court then nor any Court since — including today’s majority — has explained why such power-sharing does not violate Article 1, Section 2 of the Mississippi Constitution.
2. The majority’s arguments are without merit.
¶29. It its attempt to distinguish today’s case from Wimley, the majority makes several arguments that are easily exposed as either inapposite or without merit. I shall address each of them.

It was unnecessary for the parties to raise the constitutionality of Section 23-15-927.

¶ 30. The majority seeks refuge in the facially attractive argument that, ordinarily, we do not address constitutional issues not raised by the parties. It is true that neither of the parties raised the constitutionality of Section 23-15-927. But that is also true of the parties in Wimley, neither of which raised the constitutionality of the statute before the trial court or in this Court (although we requested the parties to brief the issue).
¶ 31. Despite the failure of the parties to raise the issue in Wimley, we nevertheless addressed it, because — unlike other constitutional violations that implicate the rights and responsibilities of litigants — the statute in question challenged the powers and duties of this very Court. A statute that may or may not violate the constitutional rights of a litigant — a litigant who may or may not wish to raise the issue — is a far cry, and a very different animal, from a statute through which Legislature assumes unto itself powers the Constitution grants to this Court.

Election contests are not different from civil complaints because of jurisdiction.

¶ 32. The majority says that the
*444 [election] review process is entirely distinct and established by statute, until it reaches this Court, where procedure is controlled by the Mississippi Rules of Appellate Procedure. Recognizing that judicial review may be necessary to some extent in election contests, the Legislature prescribed limited jurisdiction to afford contestants the opportunity to seek judicial review.... In other words, Section 23-15-927 (unlike the statute in Wimley) gives the courts limited jurisdiction where jurisdiction otherwise would be improper.
¶ 33. The point the majority attempts to make here is not entirely clear. The issue is not about jurisdiction, but rather, about procedural rules. With only a few very limited exceptions, the only reason the circuit court may hear appeals from inferior courts — and the only reason this Court may hear civil-damages appeals and criminal appeals — is because the Legislature confers the jurisdiction to do so.[17] But once jurisdiction is conferred on the circuit court, chancery court, or this Court, the procedure for appeals is controlled by the Mississippi Rules of Civil Procedure and the Mississippi Rules of Appellate Procedure.
¶ 34. The majority points out that “Section 23-15-927 is a general law within the election code. It states that the ‘executive committee’ maintains jurisdiction over election contests. Miss.Code Ann. § 23-15-927 (Rev.2007). Only after the ‘executive committee has wrongfully failed to act,’ may the complainant seek judicial review, which is unlike a complaint in a civil matter.” Section 23-15-927 — a statute nearly identical to the one addressed in Wimley — requires a plaintiff wishing to contest an election to attach two attorney certificates to the petition. This procedural requirement has nothing to do with jurisdiction.
¶ 35. The Legislature certainly has full authority to require a contestant — as a prerequisite to filing an election contest— to obtain certificates from two attorneys who believe the contestant’s claim has merit. But just exactly like the statute we struck down in Wimley, Section 23-15-927 states that the contestant’s “petition for judicial review shall not be filed unless it bears the certifícate^].”[18] This legislative foray into the procedural requirements for filing a petition in the Circuit Court is a clear violation of Section 2 of the Mississippi Constitution.

In Rule 81, this Court improperly granted the Legislature the power to promulgate certain rules of procedure.

¶ 36. Without addressing and distinguishing Section 2 of the Constitution, the majority cites Rule 81(a)(4)[19] of the Mississippi Rules of Civil Procedure — a Court- *445 made rule that purports to grant to the Legislature a portion of this Court’s constitutional rule-making powers. But this Court has no power or authority to grant powers to the Legislature. And from the day Rule 81 was adopted until today, this Court has neither disclosed nor explained to the bench or bar this Court’s purported authority to delegate to the Legislature a portion of this Court’s power to promulgate the rules of procedure to be followed in the courts. Indeed, our Constitution strictly and expressly forbids it.
¶ 37. In my view, this is an example of this Court having the power to do what it does not have the right to do. The exercise of that power (as in the adoption of Rule 81) does not make it right.
¶38. Rule 81 purports to delegate to the Legislature the judicial power to promulgate certain procedural statutes.[20] Rule 81 states that the Mississippi Rules of Civil Procedure “are subject to limited applicability in [certain] actions which are generally governed by statutory procedures.” [21] Again, I find this to be a clear Section 2 violation.
¶ 39. The Legislature’s powers are granted by the Constitution[22] — not by this Court. So according to Section 2 of the Constitution, if the Legislature has the constitutional power to enact any procedural rules for the courts, then, it has the exclusive power to enact them all. But if, as I believe, and as this Court held in Newell, the Constitution grants that power to this Court, then it is this Court’s duty and responsibility to exercise that power without sharing it. And I reject the notion that Rule 81 — or any other Court-made rule-may supersede Article 1, Section 2 of the Mississippi Constitution.

The United States Attorney General’s failure to object to the amendment to Section 23-15-933 is meaningless.

¶ 40. The majority finds it “worth noting that the United States Attorney General made no objection” to the amendment to Section 23-15-933 that requires the attachments to the petition. It is unclear why the majority thinks this is important. I do not.
CONCLUSION
¶ 41. While others may find comfort in the proposition that this Court’s rule may overpower a clear constitutional provision, I do not. Rule 81’s delegation of this Court’s rule-making powers is indefensible and inherently unconstitutional. And while I agree with the majority that we do not ordinarily address constitutional issues that were are not raised by the parties, I reject the majority’s notion that I must wait for a litigant to raise an issue that calls into question my own constitutional mandate and responsibility. Article 1, Section 2 of our Constitution addresses the powers and responsibilities of this Court and its justices, not the litigants.
¶ 42. So in my view, dismissal of Gloria Jackson’s election petition was and is improper, and any discussion of whether dismissal should be with or without prejudice is beside the point.
KITCHENS, KING AND COLEMAN, JJ., JOIN THIS OPINION.

. Wimley v. Reid, 991 So.2d 135, 138 (Miss.2008).

. Id. at 139 (Randolph, P.J., specially concurring).

. Id. at 135.

. Id. at 136.

. «.at 137.

. Id. at 138 (emphasis added).

. Miss. Const, art. 1, § 1.

. Miss. Const, art. 6, § 144.

. Miss. Const, art. 1, § 2.

. Newell v. State, 308 So.2d 71, 76 (Miss.1975) (citing Matthews v. State, 288 So.2d 714 (Miss.1974); Gulf Coast Drilling & Exploration Co. v. Permenter, 214 So.2d 601 (Miss.1968); and Southern Pacific Lumber Co. v. Reynolds, 206 So.2d 334 (Miss.1968)).

. Newell, 308 So.2d at 76.

. Order Adopting the Mississippi Rules of Civil Procedure (May 26, 1981).

. Order Adopting the Mississippi Rules of Evidence (Jan. 1, 1986).

. ”[I]n the event of a conflict between these rules and any statute .... these rules shall control.” Order Adopting the Mississippi Rules of Civil Procedure (May 26, 1981).

.Mississippi Code Section 11-51-3 states that "an appeal may be taken to the Supreme Court from any final judgment of a circuit or chancery court in a civil case....” See also Casino Magic Corp. v. Ladner, 666 So.2d 452, 456 (Miss.1995) ("A right of appeal is statutory.”) (quoting Bickham v. Dep't of Mental Health, 592 So.2d 96, 97 (Miss.1991)); Miller Transporters Ltd. v. Johnson, 252 Miss. 244, 249, 172 So.2d 542 (1965) ("The right to appeal is a statutory privilege, granted and defined by the legislature.”); McMahon v. Milam Mfg. Co., 237 Miss. 676, 115 So.2d 328, 330 (Miss.1959) ("Appeals are regulated by statute, and only lie in cases provided by statute.”) (citing State ex rel. Brown v. Poplarville Co., 119 Miss. 432, 81 So. 124 (1919); Jones v. Cashin, 133 Miss. 585, 98 So. 98 (1923); Craig v. Barber Bros. Contracting Co., 190 Miss. 182, 199 So. 270 (1940)); Jackson v. Gordon, 194 Miss. 268, 11 So.2d 901 (1943) ("Appeals are matters of right, and are allowable only in cases provided by statute.”).

. Miss.Code Ann. § 23-15-927 (Rev.2007) (emphasis added).

. Miss. R. Civ. P. 81(a)(4).

. Miss. R. Civ. P. 81.

. Id.

. Miss. Const, art. 4, § 33.