# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-02248-SCT

*DOROTHY WALKER AS THE ADMINISTRATRIX*
*OF THE ESTATE OF VADIE WALKER, DECEASED*

*v.*

*WHITFIELD NURSING CENTER, INC. d/b/a*
*WHITFIELD NURSING HOME*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/01/2005 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PARKE S. MORRIS |
| ATTORNEY FOR APPELLEE: | JAMES E. PRICE, JR. |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 06/08/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

### FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶1.     Dorothy Walker (Walker), as Administratrix of the Estate of Vadie Walker (Vadie), deceased, filed suit against Whitfield Nursing Center, Inc., d/b/a Whitfield Nursing Home (Whitfield) on April 7, 2004, in the Circuit Court of Alcorn County, Mississippi, as a result of Vadie's fall from her bed on April 8, 2002, when she tried to climb out of the bed and for

her alleged resultant wrongful death on July 17, 2002.[1] Whitfield was served on April 14, 2004, and filed its answer on April 27, 2004, denying liability and asserting various defenses including failure to state a claim on which relief can be granted for personal injuries and for the alleged wrongful death of the decedent.[2]

¶2. Discovery ensued, and the depositions of Walker and Vadie's charge nurse, Linda Whitfield, were taken on August 5, 2004. The charge nurse testified that all the beds were fixed and could not be lowered or raised. According to Whitfield, Walker first revealed that an expert, a nurse, had been contacted, and disclosed the name of the nurse, Patricia Bader (Nurse Bader) at these depositions. Walker took no further action in the case until copies of written reports from *another registered nurse*, John Scoggin (Nurse Scoggin), dated July 23 and 26, 2005, were sent to Whitfield. Nurse Scoggin's report stated that the defendant's alleged negligence "may have contributed to her demise." Whitfield contended that immediately upon receiving these reports, it filed its motion for summary judgment.

¶3. Whitfield's motion for summary judgment was filed on August 18, 2005. Whitfield contended Walker failed to comply with the requirements of Miss. Code Ann. § 11-1-58 (Supp. 1995). The motion for summary judgment stated the complaint was not accompanied

---

[1] Whitfield noted in its answer that because Walker was not appointed Administratrix of the estate until June 14, 2004, and the suit was filed on April 7, 2004, the survival action for Vadie's fall on April 8, 2002, was barred by the two-year statute of limitations under Miss. Code Ann. § 15-1-36. However, this issue was neither addressed in detail by the parties on appeal nor is there a need for this Court to address this on appeal.

[2] The plaintiff agreed the wrongful death claim should be dismissed as there was no admissible proof that Vadie died as a result of any alleged negligence of the nursing home and the lack of any expert to testify as to the cause of death. The wrongful death claim was dismissed, and only the negligence claim remained.

by an attorney's certificate declaring the attorney had reviewed the facts of the case, had consulted at least one qualified expert, and had concluded there was a reasonable basis for the commencement of the action. The motion for summary judgment also stated that on April 27, 2004, Whitfield had served an interrogatory request on Walker requesting the name, address, and qualifications of *all expert witnesses* who had been contacted to assist in preparation and trial of the case, and on May 25, 2004, Walker responded under oath that no expert had been contacted or consulted regarding the case.

¶4.     On September 8, 2005, Walker responded to Whitfield's motion for summary judgment. Walker argued that Whitfield was furnished a letter of intent on February 4, 2004, before suit was filed. Walker contended that attorney Parke S. Morris (Attorney Morris) consulted Nurse Bader, a nurse practitioner, as an expert before the letter of intent was sent. However, the letter of intent did not refer to Nurse Bader. Likewise, the letter of intent did not state that an expert had been consulted prior to filing suit.

¶5.     Furthermore, there was no affidavit accompanying the complaint, as required under Miss. Code Ann. § 11-1-58, from any attorney providing that an expert had been consulted, and that based on the attorney's review of the case and consultation with the expert there existed a reasonable basis for commencement of the action. In addition to there being no certificate of consultation, no report or records were sent to Whitfield from Nurse Bader. Walker argued Whitfield waived its ability to assert the affirmative defense of failure to comply with Miss. Code Ann. § 11-1-58.

¶6.     Walker's attorney, Morris, did not sign an affidavit until September 7, 2005, providing that he participated in a telephone conversation with Nurse Bader regarding her review of

Vadie's medical records before filing suit. This affidavit did not accompany the complaint which was filed on April 7, 2004, as required under Miss. Code Ann. § 11-1-58; rather, it was attached to Walker's response to the motion for summary judgment.

¶7.     Likewise, on September 8, 2005, Walker's other attorney, Peter Byron Gee (Attorney Gee), filed his certificate of expert consultation signed on September 7, 2005. Attorney Gee's affidavit provided that prior to filing suit Attorney Morris consulted with an expert, Nurse Bader, and based on the expert's thoughts and impressions, he was satisfied there was a reasonable basis for filing the suit. Again, this certificate dated September 7, 2005, did not accompany the complaint which was filed on April 7, 2004, as required under Miss. Code Ann. § 11-1-58. In addition, no records or reports from Nurse Bader ever sent to Whitfield.

¶8.     Furthermore, Walker did not file her plaintiff's notice of filing expert report in the court record with the attached written reports of Nurse Scoggin dated July 23 and 27, 2005, until September 8, 2005. No written report or records from Nurse Bader were ever produced to Whitfield or filed with the court.

¶9.     On November 2, 2005, Circuit Judge Thomas J. Gardner, III, granted Whitfield's motion for summary judgment and dismissed Walker's case with prejudice. The trial court held:

> [T]he provision of § 11-1-58, Miss. Code of 1972, requiring the Plaintiff to file with the complaint an attorney's certificate of consultation with a qualified expert is mandatory, and that the Plaintiff in this case failed to file such a certificate with the complaint or within sixty days after service of the complaint on the Defendant.

On November 21, 2005, Walker filed a supplemental affidavit to clarify the record on appeal stating that Whitfield was sent a copy of Nurse Scoggin's expert report attached to a letter dated July 29, 2005.

¶10. On November 21, 2005, Walker filed a M.R.C.P. 60(b)(6) motion for relief from the final order granting summary judgment. Whitfield filed its response to the Rule 60(b)(6) motion on November 28, 2005. On November 30, 2005, Walker filed her notice of appeal from the trial court's order granting Whitfield's motion for summary judgment. The record on appeal does not contain a ruling by the trial court on the Rule 60(b)(6) motion.[3] The case is now before this Court on appeal raising the following issues:

I.     **Whether Walker complied with the requirements of Miss. Code Ann. § 11-1-58(1), or alternatively, Miss. Code Ann. § 11-1-58(7).**

II.    **Whether Whitfield waived its affirmative defense that Walker failed to comply with the mandates of Miss. Code Ann. § 11-1-58.**

### DISCUSSION

¶11. This Court applies a de novo standard of review to the trial court's grant of summary judgment. *Stuckey v. Provident Bank*, 912 So. 2d 859, 864 (Miss. 2005). *See also Jenkins v. Ohio Cas. Ins. Co.*, 794 So. 2d 228, 232 (Miss. 2001); *Russell v. Orr*, 700 So. 2d 619, 622 (Miss. 1997); *Richmond v. Benchmark Constr. Corp.*, 692 So. 2d 60, 61 (Miss. 1997); *Northern Elec. Co. v. Phillips*, 660 So. 2d 1278, 1281 (Miss. 1995).

¶12. Rule 56(c) of the Mississippi Rules of Civil Procedure provides that summary judgment shall be granted by a court if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. . . ." M.R.C.P. 56(c); *Saucier ex rel. Saucier v. Biloxi Reg'l Med. Ctr.*,

---

[3] A motion under Rule 60 does not affect the finality of a judgment or suspend its operation. *See* M.R.C.P. 60.

5

708 So. 2d 1351, 1354 (Miss. 1998). The moving party has the burden of demonstrating that there is no genuine issue of material fact in existence, while the non-moving party should be given the benefit of every reasonable doubt. *Tucker v. Hinds County*, 558 So. 2d 869, 872 (Miss. 1990). *See also Heigle v. Heigle*, 771 So. 2d 341, 345 (Miss. 2000). A fact is material if it "tends to resolve any of the issues properly raised by the parties." *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 794 (Miss. 1995).

¶13. "If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied." *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 393 (Miss. 2001). "Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite." *Tucker*, 558 So. 2d at 872.

> Of importance here is the language of the rule authorizing summary judgment 'where there is no genuine issue of *material* fact.' The presence of fact issues in the record does not per se entitle a party to avoid summary judgment. The court must be convinced that the factual issue is a material one, one that matters in an outcome determinative sense . . . the existence of a hundred contested issues of fact will not thwart summary judgment where there is no genuine dispute regarding the material issues of fact.

*Simmons v. Thompson Mach. of Miss., Inc.*, 631 So. 2d 798, 801 (Miss. 1994) (citing *Shaw v. Burchfield*, 481 So. 2d 247, 252 (Miss. 1985)). The evidence must be viewed in the light most favorable to the non-moving party. *See Russell*, 700 So. 2d at 622; *Richmond*, 692 So. 2d at 61; *Northern Elec. Co.*, 660 So. 2d at 1281; *Simmons,* 631 So. 2d at 802; *Tucker*, 558 So. 2d at 872.

¶14. To avoid summary judgment, the non-moving party must establish a genuine issue of material fact within the means allowable under the Rule. *Richmond*, 692 So. 2d at 61 (citing *Lyle v. Mladinich,* 584 So. 2d 397, 398 (Miss. 1991)). "If any triable issues of fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise the decision is affirmed." *Richmond*, 692 So. 2d at 61.

**I.** **Whether Walker failed to comply with Miss. Code Ann. § 11-1-58 (2003)**

*A.* *Miss. Code Ann. § 11-1-58(1)*

¶15. This is a case of first impression regarding the application and operation of Miss. Code Ann. § 11-1-58 (Supp. 2005), effective on and after January 1, 2003, as to all causes of action filed on or after that date. Here, this action was commenced in April 2004, so it is governed by that statute.

¶16. Miss. Code Ann. § 11-1-58(1)(a) provides:

> (1) In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, **the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that**:
>
> (a) The **attorney has reviewed the facts of the case _and_** has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is **qualified to give expert testimony as to standard of care or negligence _and_ who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action**, _and_ that **the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action**;

(Emphasis added).[4]

¶17.	Walker basically concedes her failure to strictly comply with Miss. Code Ann. § 11-1-58(1)(a) and provides no persuasive argument to demonstrate that she complied with the mandatory requirements of Miss. Code Ann. § 11-1-58(1). However, Walker asks this Court to find that she *substantially* complied with Miss. Code Ann. § 11-1-58(1)(a) because her attorney claimed in documents filed in September 2005, to have consulted with an expert, Nurse Bader, in February 2004, before filing suit on April 7, 2004.

¶18.	The record reflects that even if Walker's attorney did speak to Nurse Bader before filing suit, this information was not supplied to Whitfield until more than a year later in 2005, well after the complaint was filed and served in April 2004. Likewise, when the complaint was filed nothing accompanied the complaint to inform Whitfield that an expert had been consulted nor was any information from Nurse Bader supplied to Whitfield at the time.

¶19.	In *University of Mississippi Medical Center v. Easterling*, 2006 WL 871302 *5 (Miss. 2006), this Court adopted strict compliance as to the ninety-day notice requirement

---

[4]	Miss. Code Ann. § 11-1-58(1)(b) requires that the suit be dismissed for failure to comply with the mandatory requirements stated and requires that the attorney for the plaintiff declare:

> The attorney was unable to obtain the consultation required by paragraph (a) of this subsection because a limitation of time established by Section 15-1-36 would bar the action and that the consultation could not reasonably be obtained before such time expired. A certificate executed pursuant to this paragraph (b) shall be supplemented by a certificate of consultation pursuant to ***paragraph (a) or (c)*** within sixty (60) days after service of the complaint ***or the suit shall be dismissed***;

(Emphasis added).

8

under Miss. Code Ann. § 11-46-11(1). While *Easterling's* holding is specifically limited to the ninety-day notice requirement under Miss. Code Ann. § 11-46-11(1), this Court has clearly indicated that when reviewing statutory requirements, this Court will examine the record to determine compliance or non-compliance. Clearly, Walker did not comply with the mandatory prerequisites of Miss. Code Ann. § 11-1-58(1)(a) when she filed her suit.

### B. Miss. Code Ann. § 11-1-58(7)

¶20. Alternatively, Walker claims to have complied with Miss. Code Ann. § 11-1-58(7). Walker focuses on the language allowing an expert's information to be supplied in lieu of an attorney's certificate regarding consultation with an expert required under Miss. Code Ann. § 11-1-58(1)(a). However, Walker ignores the mandatory time requirement for furnishing the expert's information provided under Miss. Code Ann. § 11-1-58(1)(a) and (b).

¶21. Walker filed its plaintiff's notice of filing expert report in the court record on September 8, 2005, with the attached written reports of Walker's nursing expert, Scoggin, dated July 23 and 27, 2005, well after the complaint was filed on April 7, 2004, and served on April 14, 2004. Walker contended Whitfield was sent a copy of Nurse Scoggin's expert report attached to a letter dated July 29, 2005, but Whitfield claimed the report was not received until around August 17, 2005. Despite this dispute, Walker did not file its affidavit/certificate of expert consultation from Walker's attorney, Gee, until September 8, 2005. The certificate provided that, prior to filing suit Walker's attorney, Morris, consulted with a nursing expert, Bader, to conclude that based on the expert's thoughts and impressions, he was satisfied there was a reasonable basis for filing the suit. Clearly, nothing was filed or supplied at the time the complaint was filed or served in April 2004.

9

¶22. While Miss. Code Ann. § 11-1-58(7) allows the expert's information, e.g., written report or records, to be substituted in lieu of a certificate of compliance from the attorney, it does not alleviate the requirement of furnishing the expert's information as required under Miss. Code Ann. § 11-1-58. Miss. Code Ann. § 11-1-58(7) provides:

> The plaintiff, *in lieu of serving a certificate required by this section*, may provide the defendant or defendants with expert information in the form required by the Mississippi Rules of Civil Procedure. Nothing in this section requires the disclosure of any "consulting" or nontrial expert, except as expressly stated herein.

(Emphasis added).

¶23. "The phrase 'intent of the Legislature,' is often used when what is really meant is 'intent of the statute.'" *Pope v. Brock*, 912 So. 2d 935, 937 (Miss. 2005). When construing the meaning of a statute, we must look at the words of the statute. *Pinkton v. State*, 481 So. 2d 306, 309 (Miss. 1985). "In construing statutes, the chief desire of the courts is to reach the real intention of the Legislature, and knowing this to adopt that interpretation which will meet the real meaning, though such interpretation may be beyond or within, wider or narrower, than the mere letter of the statute." *Gambrill v. Gulf States Creosoting Co.*, 216 Miss. 505, 62 So. 2d 772, 775 (1953); *see* *Miss. Casino Operators Ass'n v. Miss. Gaming Comm'n*, 654 So. 2d 892, 894 (Miss. 1995). As such, "our duty is to carefully review the statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." *Pope*, 912 So. 2d at 937.

¶24. Unlike sub-section (1), sub-section (7) does not specify when the expert's information or report must be supplied by the plaintiff. However, sub-section (7) specifically references the certificate requirement of sub-section (1), and sub-section (7) only provides that the

10

expert's information could be furnished *in lieu* of the plaintiff's attorney having to file a certificate. Miss. Code Ann. § 11-1-58(1), which was adopted effective January 1, 2003, by the Legislature as a part of tort reform legislation, specifically provides in sub-section (1) that in cases against a licensed physician, health care provider, or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical, or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff.

¶25.　This Court applies the plain meaning of the statute when the statute is not ambiguous. *Claypool v. Mladineo*, 724 So. 2d 373, 382 (Miss. 1998). Here, a literal reading of Miss. Code Ann. § 11-1-58, provides that the stated purpose of sub-section (7) can reasonably be construed to provide an alternative to furnishing a certificate of expert consultation by the plaintiff's attorney. However, the statute does not alter the time requirement stated under sub-section (1) for furnishing the expert's information. Therefore, the time for compliance as stated in sub-section (1) applies to sub-section (7).

¶26.　For this Court to conclude otherwise would render Miss. Code Ann. § 11-1-58(7) meaningless if the requirements of Miss. Code Ann. § 11-1-58 could be so easily circumvented. *See Evans v. Boyle Flying Serv., Inc.*, 680 So. 2d 821, 825 (Miss. 1996) (When construing the meaning of a statute, this Court must seek the intention of the Legislature, and knowing it, must adopt that interpretation which will meet the Legislature's real meaning.). Thus, the trial court correctly found that Walker failed to comply with Miss. Code Ann. § 11-1-58.

11

## II. Whether Whitfield waived its affirmative defense under Miss. Code Ann. § 11-1-58

¶27. As previously stated in the facts, Whitfield filed its motion for summary judgment on August 18, 2005. Whitfield contended that Walker failed to comply with the mandatory requirements of Miss. Code Ann. § 11-1-58. The motion for summary judgment stated the complaint, which was filed on April 7, 2004, and served on April 14, 2004, was not accompanied by an attorney's certificate declaring the attorney had reviewed the facts of the case, had consulted at least one qualified expert, and had concluded that there was a reasonable basis for the commencement of the action.

¶28. The motion for summary judgment further provided that on April 27, 2004, Whitfield had served an interrogatory on Walker requesting the name, address, and qualifications of all expert witnesses who had been contacted to assist in the preparation and trial of the case, and on May 25, 2004, Walker responded under oath that no expert had been contacted or consulted regarding the case.

¶29. Walker responded on September 8, 2005, to Whitfield's motion for summary judgment. On September 8, 2005, Walker also produced and filed, for the first time, various documents, including: (1) an affidavit from Walker's attorney, Morris, that he participated in a telephone conversation with Nurse Bader regarding her review of Vadie's medical records before filing suit; (2) an affidavit/certificate of expert consultation from Walker's attorney, Gee, that prior to filing suit Attorney Morris consulted with Nurse Bader, and based on the expert's thoughts and impressions, he was satisfied there was a reasonable basis for filing the suit; and (3) the Plaintiff's notice of filing expert report with the attached written reports of Nurse Scoggin

dated July 23 and 27, 2005, but not filed until September 8, 2005. No written report or expert information from Nurse Bader was ever produced or filed.

¶30. On appeal, Walker claims Whitfield waived its right to assert Miss. Code Ann. § 11-1-58 as a defense because it did not assert this statutory defense in its answer. Whitfield contends on appeal that its answer asserted two defenses and that Walker failed to state a claim upon which relief can be granted. Walker argues that the "failure to state a claim upon which relief can be granted" is too vague to constitute asserting an affirmative defense. Walker did not make any inquiry as to what constituted failure to state a claim upon which relief can be granted during discovery. Importantly, Walker did not raise the waiver issue in the response she filed to Whitfield's motion for summary judgment. Accordingly, the trial court did not address the issue of waiver in its judgment that we are asked to review.

¶31. That being said, Walker did fail to state a claim upon which relief can be granted due to Walker's blatant failure to comply with the notice prerequisites of Miss. Code Ann. § 11-1-58. Without an attorney's certificate of compliance of consultation with an expert or a medical report from an expert attached to the complaint when the case was filed as required under the statute, Walker failed to state a claim upon which relief can be granted. As such, Walker is left unable to allege any claim of medical malpractice in the complaint. The language of Miss. Code Ann. § 11-1-58 is clear and unambiguous that based on the failure to comply with its mandatory statutory requirements, the complaint shall be dismissed. Therefore, Walker's complaint must be dismissed.

¶32. In *Bowie v. Monfort Jones Memorial Hospital*, 861 So. 2d 1037, 1043 (Miss. 2003), the plaintiffs failed to designate an expert for a medical malpractice claim. The plaintiffs were

13

then barred from designating an expert in their case. *Id*. The Court held that the failure to timely designate a medical expert left the plaintiffs unable to ever make out a prima facie case of medical malpractice due to the lack of an expert. *Id*. Here, we are faced with a similar situation. Walker failed to comply with Miss. Code Ann. § 11-1-58. "At some point the train must leave" the station. *Id*. (quoting *Guar. Nat'l Ins. Co. v. Pittman*, 501 So. 2d 377, 389 (Miss. 1987)). That point was reached today. Here, Walker is left unable to prove her medical malpractice claim.

¶33. Accordingly, we find that the trial court did not err in granting summary judgment in favor of Whitfield and dismissing Walker's complaint.

## CONCLUSION

¶34. For all the foregoing reasons, the judgment of the Circuit Court of Alcorn County granting summary judgment in favor of Whitfield and dismissing the case against Whitfield with prejudice is affirmed.

¶35. **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**

14