ON MOTION FOR REHEARING
 

 PIERCE, Justice,
 

 for the Court:
 

 ¶ 1. The motion for rehearing is denied. The previous opinions are withdrawn and this opinion is substituted therefor.
 

 ¶ 2. This appeal arises from a medical-negligence action arising out of the care and treatment of Shelia Regan at South Central Regional Medical Center (“the Hospital”) on or about December 5, 2003. The trial court granted the Hospital’s Motion for Summary Judgment and dismissed the suit on November 27, 2007, due to Regan’s failure to attach a certificate of expert consultation with her complaint. The trial court’s decision was based on this Court’s decision in
 
 Walker v. Whitfield Nursing Center, Inc.,
 
 931 So.2d 583 (Miss.2006). Less than one year after the trial court’s decision, this Court overturned
 
 Walker
 
 in
 
 Wimley v. Reid,
 
 991 So.2d 135 (Miss.2008). On October 1, 2008, Regan filed a motion under Mississippi Rule of Civil Procedure Rule 60(b) to set aside the trial court’s order on October 1, 2008. It was denied, and Regan now appeals the trial court’s decision.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 
 [1]
 

 ¶ 3. Regan filed her complaint styled
 
 Shelia Regan v. South Central Regional Medical Center,
 
 Cause No. 2005-48-CV3
 
 (“Regan I
 
 ”), on or about March 10, 2005. She failed to attach a certificate of expert consultation to the complaint, which is a requirement under Mississippi Code Section 11-1-58.
 
 See
 
 Miss.Code Ann. § 11 — 1— 58 (Supp.2010). The Hospital filed a Motion to Dismiss on July 20, 2005, citing Regan’s noneompliance with Section 11-1-58. Regan subsequently filed the Certificate of Consultation on July 21, 2005.
 

 ¶ 4. On November 7, 2005, the trial court denied the Hospital’s Motion to Dismiss, finding that Regan’s attorney had consulted with a physician five days prior to filing the Complaint. On June 8, 2006, this Court handed down its decision in
 
 Walker v. Whitfield Nursing Center, Inc.,
 
 931 So.2d 583 (Miss.2006) (holding that failure to comply with the notice prerequisites of Mississippi Code Section 11-1-58 results in a failure to state a claim upon which relief can be granted), overruled by
 
 Wimley v. Reid,
 
 991 So.2d 135 (Miss.2008). On September 21, 2006, the Hospital filed a Motion for Summary Judgment. The Hospital argued that, under
 
 Walker,
 
 Regan’s failure to comply with
 
 Section
 
 11 — 1— 58 resulted in an incomplete complaint, and she therefore had failed to state a claim upon which relief could be granted.
 

 ¶ 5. Regan filed a Motion For Leave to File Amended Complaint on October 23, 2007. The trial court entered an Order
 
 *653
 
 Denying Plaintiffs Motion For Leave to File Amended Complaint on November 27, 2007. On that same day, the trial court also entered its Order Granting Summary Judgment and Judgment of Dismissal in
 
 Regan I
 
 based on this Court’s decision in
 
 Walker
 
 and Regan’s failure to comply with Mississippi Code Section 11-1-58.
 
 See
 
 Miss.Code Ann. § 11-1-58 (Supp.2010).
 

 ¶ 6. The following day, November 28, 2007, Regan filed a second complaint styled
 
 Shelia Regan v. South Central Regional Medical Center,
 
 Cause No. 2007-248-CV11 (“R
 
 egan II”).
 
 Regan’s complaint in
 
 Regan II
 
 was substantially similar to her complaint in
 
 Regan I,
 
 but it included a certificate of expert consultation. On December 6, 2007, Regan filed a Rule 59(e) Motion for Reconsideration or To Amend regarding the summary judgment entered in
 
 Regan I. See
 
 Miss. R. Civ. P. 59(e). The Hospital filed its Answer and Rule 12(b)(6) Motion to Dismiss
 
 Re-gan II
 
 on the grounds that the statute of limitations had run and that the principles of priority jurisdiction prohibited Regan from simultaneously pursuing two identical actions against the Hospital.
 
 See
 
 Miss. R. Civ. P. 12(b)(6). The trial court entered an Order Denying Regan’s Rule 59(e) motion in
 
 Regan I
 
 on April 2, 2008. This order started the tolling of Regan’s thirty-day period to appeal the trial court’s dismissal of
 
 Regan I.
 
 On April 3, 2008, Regan voluntarily dismissed her complaint in
 
 Re-gan II,
 
 but then immediately filed a third complaint against the Hospital styled
 
 Shelia Regan v. South Central Regional Medical Center,
 
 Cause No. 2008-873-CV4
 
 (“Regan III”).
 

 ¶ 7. Three weeks later, on April 22, 2008, Regan filed a Rule 60 Motion to Clarify Judgment in
 
 Regan I,
 
 stating “since Plaintiff is considering commencing an appeal, there exists a real need for Plaintiff to have this Motion to Clarify heard on an emergency or expedited bases [sic].”
 
 See
 
 Miss. R. Civ. P. 60. The trial court entered its Order Clarifying Judgment in
 
 Regan I
 
 on May 1, 2008, stating that it was dismissed “without prejudice.” Regan did not file an appeal of
 
 Regan I,
 
 but instead continued to pursue her case in
 
 Regan III.
 

 ¶ 8. On May 22, 2008, the Hospital filed a Rule 12(b)(6) Motion to Dismiss in
 
 Re-gan III
 
 on the ground that Regan’s claims were barred by the expiration of the statute of limitations.
 
 See
 
 Miss. R. Civ. P. 12(b)(6). The trial court entered an Order Granting the Hospital’s Motion to Dismiss in
 
 Regan III
 
 on September 10, 2008.
 
 See
 
 Miss. R. Civ. P. 59(e). Regan filed a Rule 59(e) Motion to Amend Order and Judgment of Dismissal in
 
 Regan III
 
 on September 19, 2008. According to the record before this Court, that motion has been stayed pending this Court’s decision in the present
 
 Regan I
 
 matter.
 

 ¶ 9. On September 12, 2008, this Court handed down its decision in
 
 Wimley v. Reid,
 
 991 So.2d 135 (Miss.2008). On October 1, 2008, Regan filed a Rule 60(b) Motion to Set Aside the Order Granting Summary Judgment and Judgment of Dismissal in
 
 Regan I. See
 
 Miss. R. Civ. P. 60(b). In that motion, Regan argued that the
 
 Wimley
 
 decision entitled her to relief under Rule 60(b). After a hearing on the matter, the trial court entered an order denying Regan’s Rule 60(b) Motion on December 15, 2008. Regan then promptly filed a Rule 59(e) Motion For Reconsideration on December 24, 2008.
 
 See
 
 Miss. R. Civ. P. 59(e). On January 21, 2009, the trial court entered on order denying Re-gan’s Motion for Reconsideration in
 
 Re-gan I.
 
 Regan filed the present Notice of Appeal on February 17, 2009.
 

 ANALYSIS
 

 ¶ 10. Regan argues on appeal that the trial court erred in denying her relief
 
 *654
 
 under Rule 60(b)(4), (5) and (6). Motions that seek “relief under Rule 60(b) are generally addressed to the sound discretion of the trial court and appellate review is limited to whether that discretion has been abused.”
 
 Stringfellow v. Stringfellow,
 
 451 So.2d 219, 221 (Miss.1984) (citing
 
 Clarke v. Burkle,
 
 570 F.2d 824 (8th Cir.1978)). Further, “when ruling on such motions a balance must be struck between granting a litigant a hearing on the merits with the need and desire to achieve finality in litigation.”
 
 Id.
 
 (citing
 
 House v. Sec’y of Health and Human Servs.,
 
 688 F.2d 7 (2nd Cir.1982)).
 

 I. Whether Regan May Argue for the First Time on Appeal That She Is Entitled to Relief under Rule 60(b)(4) When She Did Not Raise the Provision at the Trial Court Level.
 

 ¶ 11. Regan claims the trial court erred in failing to grant her relief under Rule 60(b)(4).
 
 [2]
 
 However, Regan failed to argue that she was entitled to relief under subsection (4) at the trial court level, and is now precluded from raising it for the first time on appeal. This Court has stated previously that it “need not address issues raised for the first time on appeal.”
 
 Goode v. Village of Woodgreen Homeowners
 
 Assoc., 662 So.2d 1064, 1076 (Miss.1995) (citing
 
 R & S Dev., Inc. v. Wilson,
 
 534 So.2d 1008, 1012 (Miss.1988)).
 

 ¶ 12. At the trial-court level, Regan filed a Rule 60(b) motion. In her motion, she did not list any particular subsection. However, the motion referred to the overruled
 
 Walker
 
 decision upon which the Order Granting Summary Judgment was based.
 
 Walker v. Whitfield Nursing Center, Inc.,
 
 931 So.2d 583 (Miss.2006). In her Reply In Support of Plaintiffs Rule 60(b) Motion, Regan argued that there is a showing of “extraordinary and compelling” circumstances and then specifically stated Rule 60(b)(6) “stands as a ‘grand reservoir’ of equitable power to do justice.” Regan did not mention subsection (4) in any of the pleadings regarding her Rule 60(b) Motion to Reconsider, nor did she make any arguments regarding subsection (4) at the motions hearing. Furthermore, she did not argue in the pleading that the trial court’s judgment was void.
 

 ¶ 13. The first time Regan argued based on Rule 60(b)(4) was in her appellate brief. The trial court was never afforded the opportunity to hear these issues nor to make a ruling concerning subsection (4). Therefore, this issue is not properly before this Court.
 

 II. Whether Regan Can Seek Relief under Rule 60(b)(5).
 

 ¶ 14. Although Regan never specifically argued Rule 60(b)(5) in her Rule 60(b) Motion, she did argue that, because
 
 Wimley
 
 overruléd
 
 Walker,
 
 the trial court should enter an order amending or setting aside its prior Order Granting Summary Judgment and Judgment of Dismissal. The Rule reads as follows:
 

 (b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment,
 
 *655
 
 order or proceeding for the following reasons: ...
 

 [[Image here]]
 

 (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.
 

 Miss. R. Civ. P. 60(b)(5).
 

 ¶ 15. Mississippi Rule of Civil Procedure 60(b) is nearly identical to Federal Rule of Civil Procedure 60(b), with only a slight difference in the time limitation within which a Rule 60(b) motion must be filed. When state and federal rules are similar, this Court has said “that we will consider authoritative federal constructions when determining what our construction of our rule ought to be.”
 
 Stringfellow v. Stringfellow,
 
 451 So.2d 219, 221 (Miss.1984) (citing
 
 Brown v. Credit Center, Inc.,
 
 444 So.2d 358, 364 n. 1 (Miss.1983)). The Fifth Circuit has stated in
 
 Bailey v. Ryan Stevedoring Company, Inc.,
 
 894 F.2d 157, 160 (5th Cir.1990), that “while 60(b)(5) authorizes relief when a judgment upon which it is based has been reversed or otherwise vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding.” Therefore, finding the Fifth Circuit’s analysis persuasive in
 
 Bailey,
 
 we reiterate that, under the current facts, Rule 60(b)(5) is not a mechanism by which Regan can be granted relief.
 

 III. Regan’s Rule 60(b)(6) Motion to Set Aside Order Granting Summary Judgment and Judgment of Dismissal
 

 ¶ 16. Regan contends that the Court should find sufficient reasons to justify relief through Rule 60(b)(6)’s catch-all provision. Mississippi Rule of Civil Procedure 60(b)(6) states:
 

 (b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: ...
 

 [[Image here]]
 

 (6) any other reason justifying relief from judgment.
 

 The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken.
 

 Miss. R. Civ. P. 60(b). In particular, Re-gan claims that there are “extraordinary and compelling circumstances” that entitle her to post-judgment relief under Rule 60(b)(6), namely the change in applicable law pursuant to
 
 Wimley v. Reid,
 
 991 So.2d 135 (Miss.2008). This Court has held that “relief under Rule 60(b)(6) ‘is reserved for exceptional and compelling circumstances.’ ”
 
 Moore v. Jacobs,
 
 752 So.2d 1013, 1017 (Miss.1999) (citing
 
 Bryant, Inc. v. Walters,
 
 493 So.2d 933, 939 (Miss.1986)).
 

 ¶ 17. As previously stated, this Court considers federal interpretation to be persuasive in construing our rules. In
 
 Community Dental Services v. Tani,
 
 282 F.3d 1164 (9th Cir.2002) (quoting
 
 Martella v. Marine Cooks & Stewards Union,
 
 448 F.2d 729, 730 (9th Cir.1971)), the Ninth Circuit held that, for a party to be granted relief under Rule 60(b)(6), he must demonstrate “extraordinary circumstances which prevented or rendered him unable to prosecute [his case].” Further, the “party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fash
 
 *656
 
 ion.”
 
 Id.
 
 (citing
 
 United States v. Alpine Land & Reservoir Co.,
 
 984 F.2d 1047, 1049 (9th Cir.1993)).
 

 ¶ 18. The Fifth Circuit has held that “a change in decision law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment.”
 
 Bailey v. Ryan Stevedoring Co., Inc.,
 
 894 F.2d 157, 160 (5th Cir.1990) (citing
 
 McKnight v. United States Steel Corp.,
 
 726 F.2d 333, 336 (7th Cir.1984);
 
 Title v. United States,
 
 263 F.2d 28, 31 (9th Cir.1959)).
 

 ¶ 19. Regan relies on
 
 Overbee v. Van Waters & Rogers,
 
 765 F.2d 578 (6th Cir.1985) in support of her argument that a change in the law constitutes an “extraordinary or compelling circumstance.” While the Sixth Circuit Court of Appeals found the facts in
 
 Overbee
 
 to fit the definition of “extraordinary and compelling,” those facts are distinguishable from the facts in this case. In
 
 Overbee,
 
 the Supreme Court of Ohio changed its position on the applicable law within one year.
 
 Id.
 
 at 580. In this case,
 
 Wimley
 
 was handed down more than two years after
 
 Walker
 
 was decided. Furthermore,
 
 Overbee
 
 was still an
 
 ongoing case
 
 when the change in law occurred. The
 
 Overbee
 
 case had been remanded on another issue, and was still pending in the trial court when the Rule 60(b) motion was filed. In
 
 Regan I,
 
 the judge had entered his final order, and no appeal was pending.
 

 ¶ 20. Regan also relies on a federal district-court case,
 
 Heirs-at-Law and Beneficiaries of Gilbert v. Dresser Industries, Inc.,
 
 158 F.R.D. 89 (N.D.Miss.1993), in support of her argument that the change in law should support her Rule 60(b)(6) motion.
 
 Gilbert
 
 also is distinguishable from the current case. In
 
 Gilbert,
 
 the trial coui’t compared the facts in the case to “ ‘a postjudgment change in the law having retroactive application,’ a situation other courts have recognized as ‘extraordinary’ enough to warrant relief under the rule.”
 
 Id.
 
 at 93 (citing
 
 Matarese v. LeFevre,
 
 801 F.2d 98 (2d Cir.1986),
 
 cert. denied,
 
 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987)). However, the
 
 Ma-tarese
 
 case, upon which the
 
 Gilbert
 
 court relied, stated that “a law having retroactive application
 
 may,
 
 in special circumstances, constitute an extraordinary circumstance.”
 
 Matarese,
 
 801 F.2d at 106. Further, this Court, in
 
 Thompson v. City of Vicksburg,
 
 813 So.2d 717 (Miss.2002), held that “newly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal, and not final at the time of the enunciation.”
 
 Id.
 
 at 721. In the current case, the change in law was not enunciated until after the
 
 Regan I
 
 judgment was final. Therefore, the change in law is not retroactively applied in the present matter, and
 
 Gilbert
 
 is inapplicable.
 

 ¶ 21. It is clear from the abundant caselaw presented that a change in the law does not meet the definition of “extraordinary or compelling circumstance.” Therefore, the trial court did not abuse its discretion when it denied Regan’s Rule 60(b)(6) Motion to Set Aside Order Granting Summary Judgment and Judgment of Dismissal.
 

 CONCLUSION
 

 ¶ 22. On appeal, Regan argues that the trial court erred in failing to grant her relief under Rule 60(b)(4), (5), and (6). Due to her failure to raise Rule 60(b)(4) at the trial-court level, she is procedurally barred from arguing it for the first time on appeal. Regan’s Rule 60(b)(5) argument also is unsuccessful. Federal caselaw, which is persuasive, indicates that relief cannot be granted under subsection (5) when the law upon which the judgment at
 
 *657
 
 issue is based is subsequently overturned or declared erroneous in an unrelated proceeding. Finally, Regan argues that under Rule 60(b)(6), this Court’s opinion in
 
 Wimley v. Reid
 
 presented an extraordinary and compelling circumstance. After review of the record and relevant caselaw, we find that a postjudgment change in law in an unrelated case does not meet the definition of “extraordinary and compelling circumstance” where the judgment at issue has become final. The trial court is therefore affirmed.
 

 ¶ 23. AFFIRMED.
 

 WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR. GRAVES, P.J., NOT PARTICIPATING.
 

 Appendix A
 

 Procedural Timeline
 

 March 10, 2005 Regan filed her Complaint in
 
 Regan I,
 
 failing to attach a Certificate of Expert Consultation.
 

 July 20, 2005 Hospital filed Answer and Motion to Dismiss for failure to comply with Mississippi Code Section 11-1-58.
 

 July 22, 2005 Regan filed the missing Certificate of Consultation.
 

 November 7,2005 The trial court denied the Hospital’s Motion to Dismiss.
 

 June 8, 2006 This Court handed down
 
 Walker v. Whitñeld Nursing Center, Inc.,
 
 931 So.2d 583 (Miss.2006) (holding that failure to comply with the notice requirements of Mississippi Code Section 11-1-58 results in a failure to state a claim upon which relief can be granted).
 

 September 21, 2006 Hospital filed a Motion for Summary Judgment pursuant to
 
 Walker.
 

 October 23,2007 Regan filed a Motion for Leave to File an Amended Complaint.
 

 November 27, 2007 The trial court denied Regan’s motion to amend her complaint and entered an Order Granting Summary Judgment and Judgment of Dismissal.
 

 November 28, 2007 Regan filed her Complaint in
 
 Regan II,
 
 which included the Certificate of Expert Consultation.
 

 December 6, 2007 Regan filed a Rule 59(e) Motion for Reconsideration in
 
 Regan I.
 

 April 2, 2008 The trial court entered an order denying the Rule 59(e) motion in
 
 Regan I.
 

 April 3,2008 Regan voluntarily dismissed
 
 Regan II
 
 because it was “filed prematurely before the aforementioned [Rule 59 Motion for Reconsideration was] ruled on.” Regan immediately filed her Complaint in
 
 Regan III.
 

 April 22, 2008 Regan filed Rule 60 Motion to Clarify Judgment in
 
 Regan I.
 

 May 1, 2008 Trial court entered an order clarifying the judgment in
 
 Regan I,
 
 stating that it was dismissed “without prejudice.”
 

 May 2, 2008 Last day for Regan to appeal the dismissal of
 
 Regan I.
 

 
 *658
 
 May 22, 2008 Hospital filed a Rulel2(b)(6) Motion to Dismiss in
 
 Regan III,
 
 claiming Regan’s claims were barred by the statute of limitations.
 

 September 10, 2008 The trial court entered an Order Granting the Hospital’s Motion to Dismiss in
 
 Regan III
 
 based upon the statute of limitations.
 

 September 18, 2008 This Court handed down
 
 Wimley v. Reid,
 
 991 So.2d 135 (Miss.2008), which overrules
 
 Walker
 
 and its progeny.
 

 September 19, 2008 Regan filed a Rule 59(e) Motion to Reconsider in
 
 Regan III,
 
 which is presently stayed in the trial court pending this Court’s decision in the present matter.
 

 October 1,2008 Regan filed Rule 60 Motion to Set Aside the Order Granting Summary Judgment and Judgment of Dismissal in
 
 Regan I.
 

 December 15, 2008 The trial court entered an Order Denying Regan’s Rule 60(b) Motion in
 
 Regan I.
 

 December 24, 2008 Regan filed a Rule 59(e) Motion for Reconsideration in
 
 Regan I.
 

 January 21, 2009 The trial court entered an Order Denying Regan’s Motion for Reconsideration in
 
 Regan I.
 

 February 17,2009 Regan filed the present Notice of Appeal for
 
 Regan I.
 

 [1]
 

 . See Appendix A for an timeline of the procedural history.
 

 [2]
 

 . Rule 60(b)(4) states:
 

 (b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
 

 [[Image here]]
 

 (4) the judgment is void ...
 

 Miss. R. Civ. P. 60(b)(4).