# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CA-00696-SCT

*SHELIA REGAN*

*v.*

*SOUTH CENTRAL REGIONAL MEDICAL
CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/29/2016 |
| TRIAL JUDGE: | HON. RICHARD W. McKENZIE |
| TRIAL COURT ATTORNEYS: | NORMAN WILLIAM PAULI, JR. |
| | RICHARD O. BURSON |
| | PEELER GRAYSON LACEY, JR. |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | NORMAN WILLIAM PAULI, JR. |
| ATTORNEYS FOR APPELLEE: | RICHARD O. BURSON |
| | PEELER GRAYSON LACEY, JR. |
| | SHIRLEY M. MOORE |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 09/07/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., KING AND MAXWELL, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     If a plaintiff files a civil lawsuit, then fails to pursue it, the trial court or defendant may move to dismiss for failure to prosecute.[1]   A plaintiff's delay alone may warrant

---

[1] *See generally* **Thornhill v. Ingram**, 178 So. 3d 721, 725 (Miss. 2015).

dismissal if the trial court finds lesser sanctions would not suffice.[2]  Here, Shelia Regan filed

her first medical-malpractice claim against South Central Regional Medical Center in 2005.

Three lawsuits, two appeals, and more than ten years later, there has still been no trial.  Her

present lawsuit was reinstated in 2010.  But since then, it has languished in the circuit court

for more than five years.  During this time, Regan has taken only one deposition.  Based on

her inactivity, the trial judge granted South Central's motion to dismiss her case without

prejudice for failure to prosecute.  He found lesser sanctions were not sufficient.

¶2.     Finding no error, this Court affirms the trial court's dismissal without prejudice.

**Background Facts and Procedural History**

¶3.     Regan claims that in December 2003 she was injured during treatment at South

Central.[3]  On March 10, 2005, she filed her first medical-negligence suit ("Reagan I") against

South Central.  Because Regan failed to attach the required expert's consultation certificate,

Regan I was dismissed without prejudice on November 27, 2007.  The next day, Regan filed

her second lawsuit ("Reagan II") against South Central.  But on April 3, 2008, she

voluntarily chose to dismiss Regan II and filed a third suit ("Reagan III") against South

Central that same day.

¶4.     Because South Central is a county hospital, Regan's claims are subject to the

Mississippi Tort Claims Act (MTCA).  *See* Miss. Code Ann. §§ 11-46-1 to 11-46-23.  Citing

---

[2] *Holder v. Orange Grove Med. Specialties, P.A.*, 54 So. 3d 192, 201 (Miss. 2010).

[3] *See* *Regan v. S. Cent. Reg'l Med. Ctr.*, 47 So. 3d 651, 652 (Miss. 2010).  The background surrounding her alleged injury is immaterial to this appeal and therefore is not addressed.

the MTCA's one-year statute of limitations, on May 22, 2008, South Central filed a motion to dismiss Regan III, under Mississippi Rule of Civil Procedure 12(b)(6), arguing the statute of limitations had run and the lawsuit was time-barred. The trial judge agreed. And on September 10, 2008, he dismissed Regan III as untimely. Regan contested the ruling and filed a motion, under Mississippi Rule of Civil Procedure 59(e), to amend the Regan III judgment. Her motion was timely, but the trial court did not rule on it until November 29, 2010. During that time, her expert-certification appeal in Regan I[4] was before this Court. But the record shows no stay of proceedings in Regan III during her appeal of Regan I.

¶5. When the trial judge eventually considered the Rule 59(e) motion in Regan III, he reversed his decision and found Regan III had been timely filed.[5] Though the judge reinstated her lawsuit in Regan III on November 29, 2010, during the next five years Regan did little to prosecute her claim. Fifteen months passed before she filed two notices on March 2, 2012, to depose Denise Felton and Timothy Dykstra. But she did not take their depositions in 2012. Instead, she waited more than two years before renoticing the same two depositions in April and June 2014. Regan finally took Denise Felton's deposition on June 19, 2014. After that, her case sat idle for an additional sixteen months. Based on Regan's inactivity,

---

[4] On October 1, 2008, Regan filed a motion, under Mississippi Rule of Civil Procedure 60(b), to set aside the judgment in Regan I, citing subsequent changes in the law under **Wimbley v. Reid**, 991 So. 2d 135 (Miss. 2008), but the trial court denied the motion. **Regan**, 47 So. 3d at 653. This Court affirmed the lower court's decision on appeal. **Id**. at 656-57.

[5] The trial court found that, while Regan I was dismissed for failure to attach the expert's certificate, it still was effective to toll the statute of limitations under **Price v. Clark**, 21 So. 3d 509 (Miss. 2009).

the Jones County Circuit Clerk entered a notice of dismissal on October 21, 2015.[6]

¶6.    Two days later, South Central filed a motion, under Mississippi Rule of Civil Procedure 41(b), for dismissal without prejudice.[7]  South Central argued Regan had failed to prosecute her case since June 2014.  And South Central's last contact with Regan's counsel had been July 15, 2014.  Three delays had also taken place since November 2010—each longer than a year.

¶7.    Regan responded to the clerk's notice by renoticing Dykstra's deposition on November 30, 2015.  But Regan did not respond to South Central's motion to dismiss until February 11, 2016.  In her response, Regan suggested she had been trying to prosecute her case, but outside circumstances had kept her from doing so.  Regan claimed Dykstra had moved to Iowa and had refused to be deposed in Mississippi.  And South Central had not been forthcoming with potential deposition dates.  Regan's lawyer also insisted he had numerous telephone conversations with South Central's counsel between July 2014 and August 2015—with an eye on scheduling a deposition—to no avail.  Regan argued these circumstances cut against dismissal.

¶8.    The trial judge heard South Central's motion to dismiss on February 12, 2016.  Citing Regan's clear record of delay, he entered an order granting South Central's motion and dismissed Regan III without prejudice.

¶9.    After Regan's post-trial motions were denied, she appealed to this Court.  On appeal,

----

[6] *See* M.R.C.P. 41(d).

[7] *See* M.R.C.P. 41(b).

4

Regan argues that: (1) the trial court failed to consider her lawyer's communications with defense counsel; (2) the trial judge did not consider lesser sanctions; and (3) dismissal without prejudice here is tantamount to a dismissal with prejudice.

**Discussion**

¶10. Mississippi Rule of Civil Procedure 41(b) authorizes a court to dismiss an action "[f]or failure of the plaintiff to prosecute." This power is "granted not only by Rule 41(b), but is part of a trial court's inherent authority and is necessary for the orderly expedition of justice and the court's control of its own docket." *Cox v. Cox*, 976 So. 2d 869, 874 (Miss. 2008) (quotation and citation omitted). Mississippi law favors a trial of the issues on the merits, so "dismissal for lack of prosecution is employed reluctantly." *Holder v. Orange Grove Med. Specialties, P.A.*, 54 So. 3d 192, 196 (Miss. 2010) (quoting *Miss. Dep't of Human Servs. v. Guidry*, 830 So. 2d 628, 632 (Miss. 2002)). But this Court has emphasized that we "may uphold a Rule 41(b) dismissal when there is: (1) a record of dilatory or contumacious conduct by the plaintiff; and (2) a finding by this Court that lesser sanctions would not serve the interests of justice." *Id*. at 197. Abuse-of-discretion review applies to such dismissals. So, on appeal from an order dismissing a case for failure to prosecute, "we must affirm the trial judge unless we find that he abused his discretion." *Hanson v. Disotell*, 106 So. 3d 345, 348 (Miss. 2013).

### I. Rule 41(b) Dismissal

¶11. After review, this Court sees no fault in the judge finding Regan's clear record of delay supported dismissal.

### A.    Clear Record of Delay

¶12.    The trial judge correctly recognized the central question is whether "there is 'a clear record of delay *or* contumacious conduct by the plaintiff.'" *Cox*, 976 So. 2d at 875 (quoting *Am. Tel. & Tel. Co. v. Days Inn of Winona*, 720 So. 2d 178, 181 (Miss. 1998)).  Both factors need not be present.  Rather,"'[d]elay *alone* may suffice' for a dismissal under Rule 41(b)." *Holder*, 54 So. 3d at 198 (quoting *Cox*, 976 So. 2d at 875).  Here, the judge's inquiry focused mostly on Regan's lengthy record of delay.

¶13.    The judge found Regan had three separate significant periods of inactivity from 2010 to 2015.  Each period lasted more than a year.  And the most recent of the several delays was sixteen months, during which Regan merely tried to cure a previously filed deposition notice.  The judge found her inactivity evidenced a clear record of delay.

¶14.    Regan's counsel disagreed.  He argued some of the delay was not his fault.  He claimed he corresponded with defense counsel between Denise Felton's June 2014 deposition and the clerk's dismissal notice in October 2015.  He admitted there was no docket activity.  But he maintained the parties were trying to move forward.

¶15.    South Central's counsel recalled it differently.  He claimed the last communication from Regan's lawyer was shortly after Denise Felton's deposition.  And there is no sworn testimony, exhibits, or other record evidence of any communication between Regan and South Central after Felton's deposition.  To the extent Regan suggests he had trouble nailing down Dykstra's deposition, the record shows no attempts to compel the deposition or seek the court's assistance in doing so.  And Regan's counsel admits as much.

6

¶16. It is clear from the record and the judge's analysis, Regan managed to take only one deposition in the five years after her case was reinstated. While the trial judge found no evidence Regan herself was responsible for the delays, he found she must bear some responsibility for failing to prosecute her case.[8] *See Cox*, 976 So. 2d at 877 (stating that while most of the delay was not attributable to the plaintiff, she nonetheless "bore the obligation to prosecute the case to a conclusion"). And while no actual prejudice was established, the judge found South Central was presumed to have been prejudiced by Regan's unreasonable delay. *Holder*, 54 So. 3d at 199 (citing *Cox*, 976 So. 2d at 879) (holding actual prejudice need not be present for Rule 41(b) dismissal, because "prejudice may be presumed from unreasonable delay"). Even though the judge presumed South Central was prejudiced, the judge's prejudice analysis is largely lagniappe to his delay analysis.

¶17. This Court has emphasized the presence of delay or contumacious conduct drives the dismissal inquiry, not the presence of prejudice or aggravating factors. As this court put it:

> The trial court *may* consider prejudice or the presence of an aggravating factor, and these considerations *may* help to bolster or strengthen a defendant's case in support of dismissal. These considerations, however, are *not* a prerequisite to dismissal under Rule 41(b). The standard is "whether there is delay or contumacious conduct by the plaintiff."

*Holder*, 54 So. 3d at 199 (quoting *Cox*, 976 So. 2d at 875) (emphasis added). The judge was not swayed by Regan's claims she was pushing her case. And in addition to presuming South Central was prejudiced by Regan's inactivity, the judge found Regan's delays were both

---

[8] Factors other than delay are not required. "'Aggravating factors' serve to 'bolster' the case for dismissal, but are not required." *Cox*, 976 So. 2d at 875 (citing *Am. Tel. & Tel. Co.*, 720 So. 2d at 181).

lengthy and clear. Record evidence supports these findings. Thus, the judge did not abuse his discretion in dismissing her lawsuit.

### B. Lesser Sanctions

¶18. Regan next argues the court should have considered a lesser sanction than dismissal.[9] As an alternative, she points to her counsel's offer to personally pay for South Central's expenses on its motion to dismiss. She also argues the judge erred in not "stat[ing] precisely why each available sanction was not applicable[.]" We disagree.

¶19. Regan's counsel argued for a fine- or cost-based sanction, which the judge considered and obviously rejected. In his order of dismissal, he found, "lesser sanctions would not serve the best interests of justice in this case." As he saw it, Regan had "demonstrated a clear pattern of unreasonable delay and a complete lack of diligence in prosecuting her claims." Citing the clear pattern of delay, he found dismissal appropriate.

¶20. Furthermore, despite Regan's insistence, this Court has never required a trial judge to enumerate each and every lesser available sanction and in turn state why each does not apply. To the contrary, the absence of even a general express finding on lesser sanctions "does not require reversal." *Collins v. Koppers, Inc.*, 59 So. 3d 582, 590 (Miss. 2011). While this Court may be "'less likely' to affirm a Rule 41(b) dismissal if the record does not reflect that the trial court considered lesser sanctions, it is clear that the ultimate decision lies

---

[9] Possible "[l]esser sanctions may include 'fines, costs, or damages against [the] plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings.'" *Hanson*, 106 So. 3d at 347-48 (quoting *Holder*, 54 So. 3d at 198).

with this Court." *Id*.; *see also* **Holder**, 54 So. 3d at 197 ("[T]his Court may uphold a Rule 41(b) dismissal when there is . . . a finding by this Court that lesser sanctions would not serve the interest of justice.").

¶21.    But here, it is obvious the trial judge considered, and ultimately rejected, Regan's plea for lesser sanctions.  And, based on the clear record of delay, we affirm the judge's discretionary finding that lesser sanctions than dismissal would not suffice.

## II.    The Appropriate Inquiry

¶22.    This Court has held that when a lawsuit is dismissed for failure to prosecute—regardless of who filed the motion to dismiss—the statute of limitations is not tolled.  **Knight v. Knight**, 85 So. 3d 832, 837-38 (Miss. 2012); **Thornhill v. Ingram**, 178 So. 3d 721, 727-28 (Miss. 2015).  Noting this, Regan argued, both in the trial court and on appeal, that the trial judge's dismissal *without* prejudice amounts to a dismissal *with* prejudice, since any subsequent suit would be barred by the MTCA's one-year statute of limitations.

¶23.    We indeed have recognized "that in some cases . . . when a judge exercises discretion under Rule 41(b) to dismiss without prejudice, a second action will nevertheless be barred by the statute of limitations under the **Knight** rule."  **Thornhill**, 178 So. 3d at 728.[10]  While this may be the end result if Regan later files a fourth lawsuit, this Court emphasized in **Thornhill**, "whether a dismissal is 'without prejudice' and whether the statute of limitations

_____

[10]    This Court explained in **Knight**, a dismissal for failure to prosecute is not absolutely fatal to a facially time-barred lawsuit.  At times, the savings statute, equitable tolling, or some other basis may revive the suit.  **Knight**, 85 So. 3d at 838.

9

has run are distinct inquiries." *Id.* And the only inquiry before this Court is whether the court wrongly dismissed Regan's lawsuit for failure to prosecute—not whether the statute of limitations has run. What Regan is essentially asking this Court to do is rule on a dispositive issue in a yet-to-be filed lawsuit. To do so would be premature.

## Conclusion

¶24. Regan failed to diligently pursue her claims against South Central in the eleven years since her first claim was filed. In the past five years, Regan took only a single deposition. Based on her clear record of delay, we see no abuse of discretion. And we affirm the trial court's dismissal without prejudice.

¶25. **AFFIRMED.**

**WALLER, C.J., DICKINSON, P.J., KITCHENS, KING, COLEMAN, BEAM AND CHAMBERLIN, JJ., CONCUR. RANDOLPH, P.J., NOT PARTICIPATING.**